ALBERT H. MILLER, Respondent, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS and AMERI-
CAN STORAGE AND MOVING COMPANY, Ap-
pellants.

**St. Louis Court of Appeals, February 21, 1911.**

1. NEGLIGENCE: Failure to Securely Hitch Horses. The law
devolves upon one having possession of a team of horses the
duty to exercise ordinary care to hitch them in a reasonably
secure manner, before permitting them to stand unattended
in an uninclosed space adjacent to a public thoroughfare, and
if such duty be not performed and the horses run away, such
person will be liable for any damages they inflict.

2. ———: ———: Hitching to Hounds of Wagon: Question of
Security, for Jury. Whether a team of horses, left standing in
an uninclosed space adjacent to a public thoroughfare, which
were hitched by tying the lines to the hounds of the wagon,
were hitched with reasonable security was a question for the
jury.

3. ———: ———: Pleading: Petition Construed: Instructions.
In an action for injuries to a person on a street car from a col-
lision of the car with a runaway team, where the petition
averred that the team was not hitched, and there was evidence
tending to prove they were hitched by tying the lines to the
hounds of the wagon, an instruction, authorizing a recovery for
plaintiff against the owner of the team, if the jury should find
that the team was left without any person in charge and without
exercising ordinary care to securely hitch it while the driver
was absent, was not objectionable as authorizing a recovery
for negligence not alleged in the petition, as the law devolved
upon the owner the obligation to exercise ordinary care to hitch
the team in a reasonably secure manner to a fixture of a per-
manent character and not to the wagon, which would be carried
forward as the team moved along, and the allegation that the
team was not hitched should be viewed in the sense that if the
horses were insecurely hitched, when considered with respect
to the obligation to exercise ordinary care in that behalf, they
would be "not hitched" in the eye of the law.

4. ———: ———: Instructions: Sufficiency of: Harmless Er-
ror. Though it would have been better to hypothesize in said
instruction the facts pertaining to the manner in which the team
was hitched with reference to the determination by the jury of
the question whether or not defendant exercised ordinary care,
the instruction in the form given is not reversible error.

5. ———: ———: **Accident: Instructions.** In an action for injuries from a runaway team in a street, where the issue related alone to the act of defendant in hitching the team and as to whether or not it exercised ordinary care in so doing, and there was no evidence tending to show that the team escaped by accident, it was not error to refuse an instruction that, under certain circumstances, the running away of the team might be regarded as an accident, and that, if found to be such, plaintiff could not recover.

6. ———: **Concurrent Negligence: Joint or Several Liability.** Where one is injured from separate negligent acts of different persons, a recovery from either one or both of the tortfeasors whose negligence concurred in and contributed to his injury may be had.

7. ———: ———: ———: **Proximate Cause: Facts Stated: Instructions.** In an action for injuries to a passenger on a street car from a collision between the car and a runaway team, where the owner of the team was sued on the theory he had left it unhitched, and the street railway company was sued on the theory its motorman negligently permitted the collision, and there was evidence tending to prove the charge against the owner of the team, and evidence that the collision occurred through the act of the motorman in slowing down the car immediately in front of the runaway team, when he might have avoided the collision by either stopping the car or turning the power on, an instruction, requested by the owner of the team, directing a finding for him if the jury believed that the motorman could have prevented the collision by the exercise of due care and that but for the want of such care the collision would not have occurred, was properly refused, for even though the motorman's negligence was the more recent efficient cause in the chain of causation, nevertheless the collision would not have occurred had it not been for the negligence of the owner of the team.

8. ———: ———: **Proximate Cause.** Where an injury would not have befallen one but for the negligent act of another in the first instance, such negligence is viewed in the law as a proximate and efficient cause of the injury, though it concur with that of another independent actor which may intervene, in point of time, subsequently thereto.

9. **CARRIERS OF PASSENGERS: Injury to Passenger in Collision: Specific Negligence of Motorman Alleged: Sufficiency of Evidence.** In an action for injuries to a passenger on a street car, from a collision between the car and a runaway team, where the petition contained a specific charge of negligence against the motorman, to the effect that he "so negligently and

155 App.—34

carelessly managed and ran the car that he suffered and permitted the same to be collided with by a team of horses," etc, *held*, the evidence was sufficient to warrant the case being submitted to jury under this charge of negligence.

10. ——— :———: **Res Ipsa Loquitur.** Where the relation of carrier and passenger exists, ordinarily a presumption of negligence arises, under the *res ipsa loquitur* doctrine, from a showing of a collision between a wagon and the car in which the passenger is riding, resulting in injury to the passenger.

11. **NEGLIGENCE: Pleading: Res Ipsa Loquitur: Charge Against Particular Servant.** Where a negligent act is charged against a particular servant of defendant, the allegation is regarded as special, rather than general as is the case where the act is charged against defendant in general terms and thus includes all its servants, appliances, etc.

12. ———: ———: ———: **Effect of Pleading Specific Negligence.** Where specific acts of negligence are alleged, they must be proved as laid, and the presumption of negligence may not be invoked.

13. ———: **Instructions: Must Submit Specific Acts of Negligence, When.** In a negligence case, where the doctrine of *res ipsa loquitur* does not apply, even though only general averments of negligence are made in the petition, the instructions submitting the question of liability must require a finding on the particular negligent acts revealed by the evidence.

14. **CARRIERS OF PASSENGERS: Street Railways: Injury to Passenger: Instructions: Failure to Submit Specific Negligence.** In an action for injuries to a passenger on a street car, from a collision between the car and a runaway team, where the petition alleged specific acts of negligence of defendant street railway company's motorman as causing the injury, to the effect that he so negligently and carelessly managed the car that he suffered it to be collided with by the runaway horses, which allegations were supported by direct proof, it was error to instruct, authorizing a recovery against defendant if the jury should find that plaintiff was exercising ordinary care at the time, unless they should find that the collision could not have been avoided by the motorman in charge of the car by the exercise of high care, thus omitting to hypothesize the facts with respect to the alleged negligence of the motorman and permitting the jury to find for plaintiff on other grounds of negligence than those counted on.

15. **APPELLATE PRACTICE: Joint Tortfeasors: Effect of Reversal as to One Defendant: Contribution.** Prima facie, each of two defendants, sued for injuries alleged to have resulted from their negligence, is to be deemed a joint tortfeasor, so as to

authorize contribution between them, under section 5431, Revised Statutes 1909, if it should appear *inter se* that the negligence of the one was as culpable as that of the other in inducing the injury; and hence, in such an action, both defendants should be permitted to defend throughout, and where judgment for the plaintiff is reversed as to one of the defendants, it will be reversed as to both, though the error in the trial intervened as to one only.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

REVERSED AND REMANDED.

*B. O. Davidson* and *A. R. Russell* for appellant, American Storage & Moving Company.

(1) A demurrer to the plaintiff's evidence should be sustained upon his failure to prove the specific acts of negligence alleged. Davidson v. St. Louis Transit Co., 211 Mo. 320; Kellogg v. Kirksville, 132 Mo. App. 519; Smith v. Railroad, 126 Mo. App. 120; McCarty v. Rood Hotel Co., 144 Mo. 397; Price v. Railroad, 72 Mo. 414; Hurley v. Railroad, 57 Mo. App. 675; Bohn v. Railroad, 106 Mo. 429; Current v. Railroad, 86 Mo. 62; Kennedy v. Railroad, 128 Mo. App. 297; Debolt v. Railroad, 123 Mo. 496; Hite v. Railroad, 130 Mo. 132; Yarnell v. Railroad, 113 Mo. 570; Spiro v. St. Louis Transit Co., 102 Mo. App. 250. (2) When plaintiff chooses to allege in his petition specific of negligence, his right to recover depends upon proof of such specific acts, and he cannot recover upon other facts not alleged or upon a showing of general or presumptive negligence. Feary v. Railroad, 162 Mo. 75; Wilbur v. Railroad, 110 Mo. App. 689; Bartley v. Railroad, 148 Mo. 124; McManamee v. Railroad, 135 Mo. 440; Hite v. Railroad, 130 Mo. 132; Bunyan v. Railroad, 127 Mo. 12; Leslie v. Railroad, 113 Mo. 570; Ely v. Railroad, 77 Mo. 34; Waldhier v. Railroad, 71 Mo. 514; Hamilton v. Railroad, 114 Mo. App. 504. (3) An instruction authorizing a recovery upon the finding of facts outside the issues made by the pleadings is erroneous. Mc-

Quillin's Instructions in Civil Cases, sec. 71.   (4)   It is error to refuse to instruct the jury that no recovery can be had for the result of a mere accident. Henry v. Railroad, 113 Mo. 525; Feary v. Railroad, 162 Mo. 75; Maxey v. Railroad, 95 Mo. App. 308; Groom v. Kavanaugh, 97 Mo. App. 370.   (5) A recovery can only be had when the negligence alleged and proven is the proximate cause of the injury. The proximate cause of an injury is the culpable or negligent act nearest to and immediately preceding the injury, 29 Cyc. 496; Foley v. McMahon, 114 Mo. App. 442; Hensler v. Stix, 113 Mo. App. 165; Lindvail v. Woods, 44 Fed. 857; 1 Thompson on Negligence, Sec. 55; Shearman & Redfield on Negligence (5 Ed.), sec. 36; Saxton v. Railroad, 98 Mo. App. 501; Klockenbrink v. Railroad, 81 Mo. App. 351.

*Glendy B. Arnold* for appellant, United Railways Company.

*Boyle & Priest* of counsel.

(1)   Plaintiff's petition does not state a cause of action. Brown v. Railroad, 20 Mo. App. 222; Stepp v. Railroad, 85 Mo. 229; Evans v. Railroad, 222 Mo. 435; Hof v. Transit Co., 213 Mo. 445.   (2)   Plaintiff's second instruction is broader than the allegations of his petition. Davidson v. Railroad, 211 Mo. 320.   (3) Plaintiff's second instruction is erroneous because it authorizes a verdict for plaintiff if the jury believe that the negligence of the motorman of defendant, United Railways Company, caused the collision, when there is no such allegation contained in plaintiff's petition. Heinzle v. Railroad, 182 Mo. 528.

*Wm. R. Gentry* for respondent.

(1)   The petition conforms entirely to the requirements of our code, which requires a plain and succinct statement of the substantive facts relied on in the case by plaintiff.   It does not require the use of the word

"proximate," or the use of the word "direct" in such cases. O'Rourke v. Railroad, 142 Mo. 342; Taylor v. Railroad, 137 Mo. 263; Kleiber v. Railroad, 107 Mo. 240; Stotler v. Railroad, 200 Mo. 107; Hunt v. Railroad, 14 Mo. App. 160. (2) Under the decisions of this court and the Supreme Court, a prima facie case was made out by the plaintiff as soon as he showed that the running team and van collided with the side of the car in which he was riding as a passenger and inflicted injury upon him. Olson v. Railroad, 152 Mo. 432; Williamson v. Railroad, 133 Mo. App. 375; Parker v. Railroad, 69 Mo. App. 546. (3) Plaintiff's instruction No. 2 was not a departure from the language of the petition. Loftus v. Railroad, 220 Mo. 482; Price v. Railway, 220 Mo. 435. (4) It is the well established rule that leaving a horse or horses standing upon or near a street unattended and not hitched is prima facie negligence, and proof of such facts coupled with injury resulting therefrom to the plaintiff, entitles him to have his cause submitted to the jury, nor does the fact that the horses were gentle, excuse the defendant for leaving them unhitched and unattended. Zambelli v. Johnson & Co., 39 Southern 501, 115 La. 483; Hensley v. Davidson Bros., 103 Me. 975; Turner v. Page, 186 Mass. 600; Haywood v. Hamm, 58 Atl. 595, 77 Conn. 158; Wasmuth v. Butler, 86 Hun. 1; Transfer Co. v. Renard, 79 S. W. 838; Gorsuch v. Swan, 69 S. W. 1113; McMahon v. Kelly, 30 N. Y. St. Rep. 915; Matheny v. Ranenbuehler, 75 N. Y. Supp. 714; Kelly v. Adelman, 76 N. Y. Supp. 574; Hawley v. Kramer, 73 N. Y. Supp. 142; Wagner v. Condensed Milk Co., 46 N. Y. Supp. 939; Phillips v. Wald, 79 Ga. 732; Seiter v. Bischof, 63 Mo. App. 157; Hill v. Scott, 38 Mo. App. 370; Groom v. Kavanaugh, 97 Mo. App. 362; Wagner v. Goldsmith, 78 Ind. 517; Moulton v. Aldrich, 28 Kan. 300; Pierce v. Conners, 20 Colo. 178, 46 Am. St. Rep. 279; Bigelow v. Reed, 51 Me. 325; Greenwood v. Callahan, 111 Mass. 298; Courternier v. Secombe, 8 Minn. 299; Griggs v. Flenkenstein, 14 Minn. 87; Mc-

Cahill v. Kipp (N. Y.), 2 E. D. Smith 413; Dougherty v. Sweester, 82 Hun. 556; Gaimon v. Wilson, 5 Atl. 38; Thompson on Negligence, secs. 899, 1294; Tenny v. Tuttle, 1 Allen 185. (5) The mere fact that one person or corporation does a negligent act, does not excuse another one who does another negligent act. If it did, the rule would work both ways and a plaintiff could recover of neither because both were negligent. This question is well settled in this state. Taylor v. Railroad, 137 Mo. 363; Fledderman v. Transit Co., 113 S. W. 1145; Obermeyer v. Chair Co., 120 Mo. App. 74, and cases cited; Hunt v. Railroad, 14 Mo. App. 160.

NORTONI, J.— This is a suit for damages accrued to plaintiff on account of personal injuries received through the separate negligent acts of the two defendants, which concurred in inflicting his hurt. Plaintiff recovered against both defendants jointly and they each prosecute an appeal from that judgment.

Defendant, United Railways Company, incorporated, owns and operates a street railway system in the city of St. Louis, and defendant, American Storage & Moving Company, incorporated, owns and operates a storage and moving business in which it employs teams of horses and heavy moving vans in the same city. Plaintiff was a passenger on the street car of defendant, United Railways Company, operated by it on the Taylor avenue line, and at the time of his injury was going north on such line on Euclid avenue at its point of crossing with West Pine Boulevard. Plaintiff occupied the rear seat which runs lengthwise along the west side of the car, and while thus sitting reading a newspaper, a runaway team of horses drawing a moving van owned by the American Storage & Moving Company collided with the rear end of the car adjacent, with sufficient force to protrude the forward end of the wagon pole through the side of the car and inflict serious injuries upon him. The wagon pole crushed through the side of the street

car and struck plaintiff in the back with sufficient force to throw him out of his seat, break several of his ribs and inflict serious and painful internal injuries. The suit is prosecuted against both the railways company, of whom he was a passenger, and the storage and moving company, who owned the team and van, jointly, on the theory that each defendant was guilty of separate negligent acts which concurred proximately to occasion plaintiff's injury and consequent damage. The specific act of negligence relied upon for a recovery against the storage and moving company is, that it left its team of horses not hitched and unattended in an open space near a public street of a great city, thus permitting them to escape and contribute to his injury, while the negligence alleged against the street car company is to the effect that its motorman so negligently managed and ran the car on which plaintiff was a passenger as to permit the collision to occur. And it is averred tnat these negligent omissions of duty on the part of the two defendants directly concurred and contributed to cause the injury complained of.

We will first consider the arguments advanced for a reversal of the judgment by the storage and moving company and second those by the other defendant. It is argued on the part of the storage and moving company that the court should have directed a verdict for it, for the reason plaintiff failed to sustain the burden which the law cast upon him to prove the specific act of negligence alleged against it in the petition. But on consideration of the proof made, we believe the argument to be unsound, for though the team of horses appear to have been hitched to the hounds of the van, it was for the jury to answer as to whether such hitching was reasonably secure; or, in other words, as to whether ordinary care was exercised by defendant to that end. It appears the employees of the storage and moving company had transported a piano to the Monticello Hotel, located on Kingshighway near West Pine boule-

vard and upon arriving there drove the team and van in-
to an open space in the rear adjacent to the hotel build-
ing. The team is shown to have been facing west and
stopped with the horses' heads fronting a stone wall and
when in this position were permitted to stand unat-
tended in the interim the employees were moving the
piano from the van into the hotel and conveying it to the
second floor. The team was not hitched nor made fast to
a post or fence or other fixture, but, instead, the lines
were tied to the hounds of the van and the inside trace
on each horse was unhitched from the single tree. Though
the heads of the horses fronted to the westward toward
the stone wall or fence referred to, it appears all of
the space to the east for a whole block is open and un-
inclosed. In this situation and without other precau-
tions, defendant's servants entered the hotel with the
piano and left the team unattended at a place near
West Pine boulevard, a public thoroughfare, which was
of open and easy access. During the absence of the
employees, the team turned around, entered upon Pine
boulevard and moved homeward in a trot drawing af-
ter them the moving van which is shown to have
weighed 4500 pounds. The horses themselves are large
and powerful animals weighing 1600 pounds each, and
as they trotted east on West Pine boulevard collided,
as before mentioned, with the rear end of the street car
in which plaintiff was sitting while it was crossing that
street on Euclid avenue. No one can doubt that the
law devolves upon one having in possession a team of
horses the duty to exercise ordinary care to the end of
hitching them in a reasonably secure manner before per-
mitting them to stand unattended in an uninclosed
space adjacent to a public thoroughfare on which others
may rightfully pass, in order to prevent probable mis-
chief which may result from the escape of the team. If,
therefore, a team of horses be left in such circumstances
unattended either in or near the streets of a great city,
not hitched, or hitched in a manner so insecurely as to

breach the obligation to exercise ordinary care in that behalf, the person so remiss in the performance of the duty which the law lays upon him may be required to respond for such damages as the team inflicts upon another in the street while they are running away. [Hill v. Scott, 38 Mo. App. 370; Seiter v. Bischoff, 63 Mo. App. 157; Ward v. Steffen, 88 Mo. App. 571; Groom v. Kavanaugh, 97 Mo. App. 362, 71 S. W. 362; Turner v. Page, 186 Mass. 600; Zambelli v. Johnson, 115 La. 483; Hensley v. Davidson (Ia.), 103 N. W. 975.] Though plaintiff's proof reveals the horses were hitched by tying the lines to the hounds of the wagon to which they were attached, the question as to whether or not such hitching was reasonably secure, in accordance with the precepts of ordinary care for the safety of others, was for the jury, and the court did not err in refusing to direct a verdict for defendant, for, though all the evidence is that the horses were thus hitched and the inside traces dropped, the physical facts that they nevertheless trotted away and pulled the van after them is sufficient to constitute substantial evidence tending to prove ordinary care was not exercised in hitching the team in a reasonably secure manner.   [See Hunt v. Mo. R. Co., 14 Mo. App. 160.]

Plaintiff's first instruction authorized a recovery against the storage and moving company alone if the jury should find the team and van were left at the place and in the circumstances referred to without "any person in charge of said team of horses and without exercising ordinary care to securely hitch them while the driver of said team went into the hotel to deliver a piano for said defendant." It is argued this submitted to the jury the matter of insecurely hitching the team as a predicate of liability when the petition averred that the team was "not hitched" and is therefore erroneous in that it authorizes a recovery for a specification of negligence not counted upon in the pleading. We believe the argument to be unsound, for the law devolved upon defendant the obligation to exercise ordinary care in hitch-

ing the team in some reasonably secure manner and the breach of this duty is the precise matter afforded by the instruction as sufficient to authorize a recovery. Though the words of the petition are that the team "was not hitched," the charge thus made must be viewed in the sense of the law and the obligation to perform the duty in respect of that matter which it enjoins. If the team was insecurely hitched, when considered with respect to the obligation to exercise ordinary care in that behalf, then they were "not hitched" in the eye of the law. In this view, we believe the averment of the petition touching the matter is sufficiently comprehensive. It is quite certain that if the driver had hitched this team of horses, weighing 1600 pounds each, with a single strand of common thread to a post, it would be regarded as "not hitched" in the eye of the law; this, too, for the reason he omitted to exercise ordinary care to that end. In such circumstances, the instruction submitting to the jury the question of whether or not defendant exercised ordinary care to securely hitch the team would be within the averment beyond doubt. The same may be said as to the proof of leaving the team unattended with but one trace dropped on either horse and the lines hitched to the hounds of the wagon attached to the team, for this condition appears to be almost if not quite one of "not hitched" at all. At any rate, the obligation which the law enjoins is to exercise ordinary care to the end of hitching the team in a manner reasonably secure to some fixture of a permanent character and not to the wagon attached to the team which may be carried forward as it moves along. Though it were better to hypothesize the facts pertaining to the manner in which the team was hitched and submit them to the jury for consideration with reference to the obligation to exercise ordinary care, the instruction is not to be condemned as reversible error in the form it is drafted.

It is argued the court erred in refusing instruction No. 4, as requested by the storage and moving

company, which directed the jury that in certain circumstances the running away of the team might be regarded as an accident, and if found to be such the finding should be for it. The court very properly refused this instruction, for though it may be correct enough as an abstract statement of the law, its doctrine is without influence on the facts of the case, for naught appears tending to prove the team escaped by accident. The issue related alone to the act of defendant in hitching the team as above suggested and as to whether or not it exercised ordinary care in so doing.

The court refused to instruct for the storage and moving company at its request as follows:

"The court instructs the jury that if you find and believe from the evidence that the servants of the defendant, United Railways Company, in charge of the car upon which plaintiff was a passenger, by the exercise of due care as defined in these instructions, could have prevented or avoided collision with the team and van of the defendant American Storage & Moving Company, and that but for such want of care on the part of the said servants of said defendant United Railways Company, said collision and consequent injury to plaintiff would not have occurred, your verdict must be for the defendant American Storage & Moving Company."

There is evidence in the case tending to prove that the collision of the moving van and street car occurred through the act of the motorman of the street car in slowing it down immediately before the approaching runaway team when he might have gotten the car out of the line of danger by either stopping it before reaching West Pine boulevard or turning on the power after he had done so. It is in view of this proof that the storage and moving company requested the instruction above copied and now argues it should have been given, for the reason that it may be the jury would find the negligence of the motorman was, as between the negligent acts of the two defendants, the proximate cause of the

collision which occasioned the plaintiff's injury. It is said, though the storage and moving company may have been negligent in the first instance in permitting its team to escape and run away, it ought not to be held to respond to plaintiff therefor unless its negligence is found to be proximate to his injury and if there be an intervening efficient culpable act on the part of another which more directly occasioned the injury, then the act of the storage and moving company is remote in the chain of causation and that of the other person proximate. Though the matter of the proximate cause of plaintiff's injury as between the two defendants may be important in an action between them for indemnity after the satisfaction of plaintiff's judgment against both, it is certainly immaterial here in so far as the right of this plaintiff is concerned, or the negligence of both directly concurred in operating the proximate and efficient cause of his injury. It is obvious that had plaintiff not been a passenger on this particular street car which it is said was impeded in progress by the carelessness of the motorman immediately in front of the team he would not have been injured in a collision with this particular moving van. It is obvious, too, that had defendant's team not been permitted to run away with the moving van an injury from that source would not have befallen plaintiff while sitting in his seat in the street car. These propositions being true, it is entirely clear that plaintiff's injury resulted from the separate negligent acts of two independent tortfeasors, which concurred in and contributed directly to produce the result complained of, and the negligence of both is proximate in the line of causation so far as he is concerned. Whatever may be the rule of decision in cases between two independent tortfeasors whose negligence concur in producing an injury to a third person, when one of such tortfeasors is seeking indemnity from the other to recoup the amount he has been required to pay to the injured third party, which matter of liability *inter sese* may turn on the

question whether the negligence of the one or the other was proximate or remote [Nashua, Iron, etc., Co. v. Worcester, etc., R. Co., 62 N. H. 159], it is certain an injured party, such as this plaintiff, is entitled in every instance to recover from either one or both of the tortfeasors whose negligence concurs in and directly contributes to his injury. [Hunt v. Mo. R. Co., 14 Mo. App. 160; Taylor v. Grand Ave. R. Co., 137 Mo. 363, 39 S. W. 88; Wabash, etc., R. Co. v. Shacklet, 105 Ill. 364; Carterville v. Cooke, 129 Ill. 152; Fleddermann v. St. Louis Transit Co., 134 Mo. App. 199, 205, 113 S. W. 1143; Colegrove v. N. Y. & N. H., etc., R. Co., 20 N. Y. 492; N. Y., Phila., etc., R. Co. v. Cooper, 55 Va. 939, 9 S. E. 321; Thomson v. Clay, etc., R. Co., 66 Cal. 163; Kansas City, etc., R. Co. v. Stoner, 49 Fed. 209; Shearman & Redfield on Neg. (5 Ed.), secs. 31, 122; Patterson's Ry. Accident Law, sec. 39.] Judge Thompson says: "If the concurrent or successive negligence of two persons, combined together, results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury. Thus, A. leaves his horse and cart standing in the street, without any person to watch them, and a passer-by strikes the horse, in consequence of which damage ensues. A. is answerable for such damages." (Sec. 75, Thompson's Com. on Neg. Vol. I.) [Illidge v. Goodwin, 5 Car. & P. 190; see also Griggs v. Fleckenstein, 14 Minn. 81.] When it appears, as in this case, that the injury would not have befallen plaintiff but for the negligent act of either party in the first instance, such negligence is viewed in the eye of the law as a proximate and efficient cause of his hurt, though it concurs with that of another independent actor which may intervene in point of time subsequently thereto. [Carterville v. Cook, 129 Ill. 152; Griggs v. Fleckenstein, 14 Minn. 81; Ring v. Cohoes, 77 N. Y. 83, s. c. 13 Hun.

(N. Y.) 76; Taylor v. Grand Ave. R. Co., 137 Mo. 363, 39 S. W. 88; 1 Thompson's Com. on Neg., sec. 56; Fledderman v. Transit Co., 134 Mo. App. 199, 113 S. W. 1143.] The court very properly refused that instruction, for even though the negligence of the motorman in reducing the speed of the car immediately in front of the horses was the more recent efficient cause in the chain of causation, the injury would not have occurred but for the negligent act of the storage and moving company in leaving its team unattended and not hitched reasonably secure and permitting it to run away and contribute its portion to plaintiff's hurt by protruding the end of the wagon pole through the car against his person. We discover no reversible error in the case so far as the American Storage & Moving Company is concerned.

We come now to consider the appeal of defendant, United Railways Company. It is argued the court should have directed a verdict for this defendant, but the case is obviously one for the jury on the specific acts of negligence which the evidence tended to prove against the motorman. As the relation of carrier and passenger exists between these parties, ordinarily a presumption of negligence or the doctrine of *res ipsa loquitur* alone would be sufficient as prima facie proof, on showing the facts of the collision and injury. [Olsen v. Citizens' Ry. Co., 152 Mo. 426, 432, 54, S. W. 470; Rice v. C. B. & Q. R. C., 153 Mo. App. 35, 131 S. W. 374.] But the petition alleges specific acts of negligence against the United Railways Company, for after reciting antecedent facts leading up to his injury, plaintiff avers that while he was in the car traveling north at or near the intersection of West Pine boulevard and Euclid avenue, "the motorman of the defendant, United Railways Company of St. Louis, in charge of said car, so negligently and carelessly managed and run said car that he suffered and permitted the same to be collided with a team of horses and wagon, etc." This is a charge of specific negligence for it avers the motorman carelessly managed and ran

the car and further points out wherein he was negligent in suffering and permitting it to collide with the wagon and team. When a negligent act is charged against a particular servant, the allegation is regarded as specific rather than general as is the case where the act is charged against the *defendant* in general terms and thus includes all of its servants, appliances, etc. [See Gibler v. Q. O. & K. C. R. Co., 148 Mo. App. 475, 128 S. W. 791; Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Price v. Met. St. R. Co., 220 Mo. 435, 119 S. W. 932.] Where specific acts of negligence are alleged, they must be proved as laid and the presumption of negligence may not be invoked. [Gibler v. Q. O. & K. C. R. Co., 148 Mo. App. 475, 128 S. W. 791; Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S. W. 1062.] The request for an instruction directing a verdict for this defendant was very properly refused at the close of plaintiff's case and properly so again at the conclusion of all of the evidence, for the reason that, though the presumption of negligence was not available under the state of the pleading which set forth a specific charge of negligence against the motorman, the direct proof for plaintiff tended to support the averment. The evidence is uncontradicted to the effect that all of that portion of land lying east of the Monticello Hotel, south of Pine boulevard and west of Euclid avenue—as much or more than an ordinary city block—was vacant and unoccupied and the view in no manner obscured thereabout. It appears as the street car proceeded north on Euclid from Laclede avenue, passengers, other than plaintiff, saw the runaway team approaching on a trot from the west on Pine boulevard toward Euclid and defendant's motorman himself says that he saw the team thus approaching 200 feet away before it reached Euclid avenue. At that time, the car was about one-half block south of Pine boulevard and proceeding north toward that street. The motorman says he did not notice the team was without a driver until it was within fifty or sixty feet

of the car and at that time applied the power for the purpose of crossing the street in front of it and obviating a collision. But a passenger on the car testified that he saw the team approaching 250 feet west of Euclid avenue and discovered it to be without a driver as though it were running away and that this fact was open and obvious to all. Plaintiff was sitting with his back to the west reading a newspaper and knew nothing of the approach of the team until he received his injury. Both the motorman for defendant and the passenger who testified for plaintiff say the car was running very slowly at the time, and besides this being conceded, it appears it was stopped within ten feet after the collision occurred. The passenger referred to says as the car came into Pine boulevard its speed was perceptibly slowed down by the motorman as though he intended to check the runaway horses therewith or prevent them from passing. The collision occurred immediately after the rear end of the car had crossed the center of Pine boulevard, by the pole of the moving van coming in contact with the west side of the rear end of the body of the car. It therefore appears the act of negligence relied upon against the street car company in the petition to the effect the motorman so managed the car as to suffer the collision is supported by direct proof tending to show that he did so in the very face of the approaching danger for the purpose of stopping the runaway team. It is true the motorman says he increased the speed of the car in order to remove it from the path of the team, but be this as it may, the case made by plaintiff is the specific act of the motorman in checking the speed of the car as though he intended to utilize it as a barrier to prevent the further rampage of the runaway horses. On this state of the proof, the court, at the request of plaintiff, instructed the jury authorizing a verdict against the United Railways Company if it should find plaintiff was exercising ordinary care at the time "unless the jury find from the evidence that said collision

could not have been avoided by the motorman in charge of the car by the exercise of high care, etc." The instruction omitted to hypothesize the facts with respect to the matter of the motorman decreasing the speed of the car, but permitted the jury to affix liability against this defendant without compass or chart unless it found from the evidence that the collision could not have been avoided by the motorman, exercising a high degree of care. This instruction invokes the full measure of the doctrine of *res ipsa loquitur*, though it is not available under the allegation in the petition, and permits a recovery for plaintiff in the most general terms, notwithstanding the direct proof of the specific act of negligence on which plaintiff must rely for a recovery against the United Railways Company. It is the accepted rule of decision, even in those cases where general averments are made and the doctrine of *res ipsa loquitur* does not apply, that when it comes to submit the question of liability to the jury thereunder the instructions must reckon with the facts and require a finding upon the particular negligent acts revealed in the evidence, and unless they do so, the judgment should be reversed therefor. It is said that instructions under such allegations authorizing a verdict for any kind of negligence the jury believe occurred are unfair and they should require a finding *pro* or *con* on the negligent acts revealed in the evidence, if any. The instruction referred to is therefore erroneous for the reason it omitted to require the jury to find in what respect defendant was negligent, if at all, but authorized a verdict against the United Railways Company if plaintiff was not careless, unless it believed the motorman could not have avoided the injury by the exercise of high care in operating the car. Such a general charge as this would seem to authorize the jurors to invoke their imaginations or draw upon mere conjecture to the effect that the motorman might possibly, by exercising high care, have avoided the collision when

155 App.—35

they believed his evidence that he applied the power in an endeavor to escape the team and exercised high care in so doing. The instruction should require the jury to find defendant's breach of duty from the facts proved. Authorities are multiplied on the subject. [Allen v. St. Louis Transit Co., 183 Mo. 411, 81 S. W. 1142; Sommers v. St. Louis Transit Co., 108 Mo. App. 319, 83 S. W. 268; Lesser v. St. L. & Sub. R. Co., 85 Mo. App. 326; Mulderig v. St. Louis, etc., R. Co., etc., 116 Mo. App. 655, 94 S. W. 801.] Though the authorities last cited assert the rule with respect to such instructions when the petition contains a general allegation of negligence, the doctrine obtains alike and with better reason to cases such as this one where the petition avers specific negligent acts. In such circumstances, no one can doubt that the court should require the jury to find the negligent breach of duty from the facts pleaded and proved, to the end of confining the issue to the charge laid. The Supreme Court condemns the practice of submitting the matter of defendant's negligence in such general terms, where specific acts of negligence are relied upon, as reversible error, as will appear from the following cases in point: Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Davidson v. St. Louis Transit Co., 211 Mo. 320, 109 S. W. 583. For the error in this instruction above discussed, the judgment should be reversed and the cause remanded as to the United Railways Company.

But the question arises in this case, where the suit is against two independent tortfeasors on account of an injury inflicted through the separate negligent acts of each, which concurred in producing the result complained of, should the judgment be reversed as to the United Railways Company only and affirmed as to the American Storage & Moving Company, when either is separately liable for the full measure of the damage done? The matter should be determined, we believe, by reference to the fact as to whether or not contribution, as distinguished from indemnity, may lie in the

circumstances of the case. But this is not to be ascertained, for the question has not been litigated between the defendants. Prima facie, each of the two defendants so jointly sued is to be treated as a joint tortfeasor, so as to authorize contribution between them if it should appear *inter se* that the negligence of one was as culpable as that of the other in inducing the injury. In such circumstances, natural justice alone requires that they should both be permitted to defend throughout the entire course of the litigation in order to reduce the amount of the recovery against either or both, to the payment of which they may eventually be called upon to contribute in equal parts. Our statute provides:

"Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract." Sec. 5431, R. S. 1909.

It has been determined that this statute intends the allowance of contribution among defendants in a judgment for tort on account of the negligent omission of duty of several independent tortfeasors whose combined negligence concurred and contributed to the same injury in those cases where indemnity is not to be had, and we believe such interpretation to be sound. [See Eaton & Prince Co. v. Mississippi Valley Trust Co., 123 Mo. App. 117, 100 S. W. 551.] Of course, the matter as to whether or not contribution would lie between these defendants, if one were to pay a judgment recovered against both and the other decline to contribute, or as to whether or not one would be entitled to indemnity from the other, is not to be determined now, for the question is not before us and a decision thereon is expressly reserved. For reference to the doctrine as to both contribution and indemnity and when either prevails, sec 7 Am. and Eng. Ency. Law (2 Ed.), 364, 365, 366, 367 and notes. It should be said that prima facie

the case may be one where contribution will lie, and if such is true, the judgment is to be reversed as to both defendants though the error in the trial intervened as to one only, for the reason both should be permitted to defend throughout. [See Mulderig v. St. Louis, etc., R. Co., etc., 116 Mo. App. 655, 94 S. W. 801.]

The judgment should be reversed as to both defendants and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.