BERTHA D. YOUNG, Respondent v. A. STRATTON
WOLFF, Appellant.

**St. Louis Court of Appeals, April 6, 1915.**

1. **NEGLIGENCE: Instructions: Necessity of Submitting Specific Negligence.** In an action for personal injuries, even though the petition does not count upon the specific act of negligence developed by the evidence, the instructions must nevertheless submit such specific act, unless the doctrine of *res ipsa loquitur* applies.

2. **DENTISTS: Malpractice: Instructions.** Where, in an action against a dentist for malpractice, plaintiff's evidence tended to prove that defendant was careless in separating her teeth too rapidly and to the extent of more than one-eighth of an inch and in holding them in that position for several days, while defendant's evidence tended to establish a different state of facts, and thereby disclosed a proper treatment, an instruction that if defendant unskillfully forced and held plaintiff's teeth apart and out of their proper position, and failed to exercise the skill usually exercised by reasonably skillful dentists, and plaintiff was injured thereby, the verdict must be for her, was erroneous, for the reason that it failed to submit the specific act of negligence developed by the evidence.

3. ———: ———: **Sufficiency of Evidence.** In an action against a dentist for negligent treatment of plaintiff's teeth, evidence *held* sufficient to require the submission of the issue of negligence to the jury.

Appeal from St. Louis City Circuit Court.—*Hon.
Daniel D. Fisher*, Judge.

REVERSED AND REMANDED.

*Watts, Gentry & Lee* for appellant.

(1). The court erred in overruling defendant's demurrers to the evidence, offered at the close of plaintiff's case and also at the close of all the evidence in the case. (a) The facts testified to by plaintiff as to

the manner in which the defendant separated her teeth are so preposterous and so contrary to all human experience as to be absolutely unbelievable and therefore the case should be treated as if no such evidence had been offered. This rule has been frequently recognized by the courts of this State. Weltmer v. Bishop, 171 Mo. 116-117; Nugent v. Milling Co., 131 Mo. 252; Kelsay v. Railroad, 129 Mo. 374; New v. Railroad, 114 Mo. App. 385; Scroggins v. Railroad, 138 Mo. App. 220, 221, 222; Schaub v. Railroad, 133 Mo. App. 444-448; Paine v. Railroad, 130 Mo. 575. (b) The testimony as to the causal connection between defendant's alleged negligent act and plaintiff's present condition is so vague, speculative and uncertain that the judgment should be reversed. It is necessary to show clearly that the negligence shown caused the injury. Harper v. Railroad, 187 Mo. 575; Goransson v. Mfg. Co., 186 Mo. 300. (2) The court erred in permitting the plaintiff to prove her case all over again, after the defendant's testimony was in. While the trial court has some discretion in the admission of evidence out of order, it is a judicial discretion, must not be exercised arbitrarily, and the appellate court will correct any improper exercise of it. Christal v. Craig, 80 Mo. 367, 375; Beyer v. Herman, 173 Mo. 295, 305-306. Glenn v. Stewart, 167 Mo. 584, 593; Copper & Iron Mfg. Co. v. Railroad, 230 Mo. 59; 38 Cyc. p. 1355 (top of page), and cases cited under notes 23, 24, 25 and 26; People v. Van Ewan, 111 Cal. 144; Robishaw v. Piano Co., 179 Ill. App. 163; Campbell v. Campbell, 30 R. I. 63. (3) Plaintiff's instruction number 1 was erroneous in that it was broader than the evidence. Hales v. Raines, 162 Mo. App. 46; Allen v. Transit Co., 183 Mo. 411; Mulderig v. Railroad, 116 Mo. App. 655; Sommers v. Transit Co., 108 Mo. App. 319; Miller v. Railroad, 155 Mo. App. 528; Schaaf v. Box Co., 131 S. W. 937; Schroeder v. Transit Co., 111 Mo. App. 75; Casey v. Bridge Co.,

114 Mo. App. 64; Delo v. Mining Co., 160 Mo. App. 45. The vice of this instruction is that it does not limit the finding of defendant's negligence to the specific act charged to have been committed by him which plaintiff's evidence tended to show.

*S. P. Bond* for respondent.

(1) The defendant's demurrer was properly overruled. Wheeler v. Bowles, 163 Mo. 398, 405; Carperter v. McDavid and Cottingham, 53 Mo. App. 393. (2) Dr. Baer testified wherein the treatment of the plaintiff by Dr. Wolff was improper. It was the proper way to prove the improper treatment. Wheeler v. Bowles, 163 Mo. 398, 405; Carpenter v. McDavid and Cottingham, 53 Mo. App. 393. (3) The opinion of Drs. Baer, Smith and Dietz whether the plaintiff's condition could reasonably follow from the injuries proved was proper. Taylor v. Railroad, 256 Mo. 191, 207, 209; Baehr v. Casualty & Surety Co., 133 Mo. App. 541; Moore v. Transit Co., 226 Mo. App., 703, 705. (4) Physicians, surgeons and dentists are liable for malpractice. 22 Am. & Eng. Ency. Law (2 Ed.), p. 798; Wheeler v. Bowles, 163 Mo. 398; Carpenter v. McDavid & Cottingham, 53 Mo. App. 393. (5) There is no error in plaintiff's instruction number 1. Wheeler v. Bowles, 163 Mo. 398, 406. (6) The court did not err in refusing to give defendant's instruction number 3: First, because is erroneously signaled out a particular fact or circumstance, not in itself controlling, and sought to make the whole case turn on it. Spohn v. Railroad, 87 Mo. 74, 81, 82; Iron Mountain Bank v. Murdock & Armstrong, 62 Mo. 70, 73, 74; Steinwender v. Creath, 44 Mo. App. 356, 366. Second, because the instruction ignored material facts at issue in the case. Crews v. Lockland, 67 Mo. 619, 621; Iron Mountain Bank v. Murdock & Armstrong, 62 Mo. 70, 73, 74.

NORTONI, J.—This is a suit for damages accrued on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant is a dentist, practicing his profession in the city of St. Louis, and plaintiff was treated by him as his patient. The evidence tends to prove that plaintiff called on defendant about the middle of December, 1910, for the purpose of having him treat her teeth. Defendant examined her teeth and went about the matter of killing the nerve in one before filling it. She returned on several different days to his office and he administered treatment toward killing the nerve and took the nerve out. On December 2, plaintiff says defendant told her that three of her teeth had moved forward and it would be necessary to push them back. Thereupon he took an instrument with a couple of prongs and placed it between those teeth—that is, the first molar and the one in front—and wedged them back and put some cotton in between them. Plaintiff says that defendant pushed the three back teeth backwards for as much as one-eighth of an inch or more all at one sitting and placed cotton between. Thereafter, on Monday, the 26th, plaintiff returned to defendant's office and he inserted gutta-percha between the teeth, and inserted gutta-percha between the teeth a second time on December 27, in order to hold them thus separated, until, on the 29th of December, enough separation was established between the teeth to squirt a stream of water through. Thereupon defendant placed the same or a similar apparatus between the teeth for the purpose of keeping the first molar tooth from moving forward, and then filled the first molar so as to prevent them from returning to the natural position. As a result of this treatment and while she was yet undergoing it, plaintiff says she began to suffer from a nervous affliction in the lower jaw which entailed not only great pain but a disfigurement upon her. It

is said that the nerves in plaintiff's lower jaw and about it, have become so afflicted that she can scarcely control it and the suffers a constant twitching thereabout.

Plaintiff put on several expert witnesses, all of whom answered the same hypothetical question, to the effect that such treatment was improper. So much of the hypothetical question as is necessary to consider here is as follows:

"Q. Doctor, suppose . . . on the 24th day of December, 1910, he [Dr. Wolff] placed an apparatus between her first molar tooth and the tooth immediately in front of it, moved them an eighth of an inch or more, and thereupon placed cotton between them from Saturday, December 24, to Monday, December 26, 1910, to keep them apart; that on December 26, 1910, he took the cotton out and placed gutta-percha between them to keep and hold them apart, and from the time he moved her tooth with said apparatus, her tooth pained her intensely and her jaw commenced to twitch and her teeth were out of line, and that on the 27th day of December, 1910, he put in more gutta-percha between her teeth; and on the 29th day of December, 1910, he had enough separation between her first molar tooth and the other tooth immediately adjoining it in front thereof to squirt a stream of water through that; he then placed the same or a similar apparatus between her teeth for the purpose of keeping the first molar tooth from moving forward; he then filled the first molar tooth so that the teeth could not return to their natural position; . . . from your experience as a dentist, can you give me your opinion whether Dr. Wolff treated and operated upon her teeth properly?"

This, the experts answer, was improper treatment and probably occasioned the nervous trouble complained of.

It is to be noted that the hypothetical question reckons with the state of facts detailed by plaintiff,

to the effect that defendant moved plaintiff's teeth an eighth of an inch or more by means of the instrument employed and this, too, on the one day, 24th of December; moreover that, after having separated them, they were continued in that position by means of gutta-percha for the several days referred to in the question.

On the part of defendant the evidence is, that he separated plaintiff's teeth in the ordinary manner, but only slightly, so as to insert two thicknesses of rubber dam, and that such rubber dam is very thin—scarcely thicker than paper. Defendant positively asserts that he did not separate the teeth unduly and that the separation was so slight he could not even estimate it except to say that it was an infinitesimal portion of an inch. All of the experts—both for plaintiff and defendant—testifying to the same effect; that the treatment as described by defendant was entirely proper in every respect and such as is employed by a competent, skillful dentist in every case of the kind. Then, too, a number of witnesses, including defendant, say that plaintiff was suffering from the nervous twitching mentioned before defendant treated her at all.

From what has been said, it appears that the negligent treatment, if any, consists, not in the mere separation of plaintiff's teeth, but rather in separating them as much as an eighth of an inch or more at one treatment and holding them in the position so separated for several days. Indeed, such is the evidence, pointed and direct, given by plaintiff's witnesses. For instance, Dr. Baer, plaintiff's principal witness, on whom she relies to show the treatment administered by defendant was careless and unskillful, criticised it only as too strenuous, in that the separation of the teeth was too rapidly done and the extent of the separation too great and the holding of the teeth in such position after separation continued too long. Concerning this matter, in answer to a question pro-

pounded by plaintiff's counsel, Dr. Baer says: "That is the objection that I see to the mode of procedure; too rapid separation, too much separation, and holding it at that angle of separation for such a length of time." It is, therefore, clear that the issue of fact in the case concerns this matter alone, for on the part of plaintiff it is insisted the defendant was careless and remiss in his duty as a dentist in separating the teeth so rapidly—that is, at one sitting—and to such an extent—that is, for as much as or more than one-eighth of an inch—and in holding them in that position for several days; while defendant asserts no such treatment whatever was administered and details an entirely different state of facts as to what he did in the premises, which latter is said by all of the expert witnesses to be a proper treatment in such cases, if applied, and in no wise could have entailed bad results.

But though such is the issue on the evidence tending to show the careless and unskillful conduct of defendant, it was not submitted to the jury by the instructions given. Plaintiff's first and principal instruction which submits the negligence, if any, shown in the evidence and relied upon for a recovery is as follows:

"The court instructs the jury that if you believe and find from the evidence that the defendant on or about and between December 23, 1910, and January 14, 1911, in filling and treating the plaintiff's teeth, carelessly and unskillfully forced and held her teeth apart and out of their proper position, and the jury further believe and find from the evidence that the defendant failed to exercise such care and skill as is used usually by reasonably skillful members of his profession in the city of St. Louis under the same or similar circumstances in so doing, and the jury believe and find that the plaintiff was injured by reason of the failure of the defendant to exercise such care and skill, then you will find for the plaintiff."

There is nothing whatever in this instruction that requires the jury to find that defendant separated plaintiff's teeth at one sitting for as much as an eighth of an inch or more and continued them in that manner for several days so as to occasion the nervous condition of which she complains. On the contrary, the instruction merely requires the jury to find that defendant carelessly and unskillfully forced and held her teeth apart and out of their proper position, without reference to the extent of such separation, when all of the evidence tends to prove that the mere forcing of the teeth apart and holding them out of their position as detailed by defendant was proper practice. It is true the petition does not count on the specific act of negligence developed at the trial, and that the instruction conforms well enough to the pleading. But be this as it may, whatever the allegation may be, the instructions must submit to the jury the specific negligence shown in the evidence unless it be a case where the doctrine of *res ipsa loquitur* applies under the pleadings and the burden to exculpate one from fault lies with defendant. The authorities on this question are numerous, as will appear by reference to the following cases heretofore determined: See Hales v. Raines, 162 Mo. App. 46, 141 S. W. 917; Sommers v. St. Louis Transit Co., 108 Mo. App. 655, 94 S. W. 801; Allen v. St. Louis Transit Co., 183 Mo. 411, 81 S. W. 1142; Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045; Lauff v. Kennard & Sons Carpet Co., 186 Mo. App. 123, 171 S. W. 986.

Here, there was no evidence whatever authorizing the submission of the case to the jury on the theory of the instruction above given, for the failure of duty shown is the rapid separation of the teeth for the amount of space specified and holding them there for such a length of time. It is this the experts said was improper. When all of the instructions given in the case are read together, it appears that none of them sub-

mitted this issue of fact for a finding, but rather those which touch upon it at all proceed in general terms similar to the one above copied, and it is manifest the jury were permitted to find a verdict for plaintiff even though her teeth were not unduly separated and no improper practice at all appeared according to the evidence.

Plaintiff relies upon the case of Wheeler v. Bowles. 163 Mo. 398, 63 S. W. 675. But upon a careful scrutiny of the opinion in that case it is to be observed that the specific act of negligence developed at the trial was there submitted to the jury by the instructions. There plaintiff suffered the dislocation of a shoulder and the evidence was that defendant did not recognize the dislocation, but treated the patient instead, as the result of an erroneous diagnosis, for a sprain, and allowed her to recover without reducing the dislocation. By the instruction the jury were required to find that defendant carelessly and unskillfully treated the patient so that "said dislocation was not set, placed or reduced," and this was the specific act of negligence charged and proved.

Defendant argues that plaintiff's story is so unreasonable in itself as to be opposed to physical facts and, therefore, we should reverse the judgment outright, but we regard the question concerning this matter as one for the jury.

For the error in the instructions in failing to submit to the jury the negligent treatment which the evidence tended to prove, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.