ALICE ANNIN v. DOROTHY JACKSON, Appellant.—100 S. W. (2d) 872.

Division One, January 5, 1937.

*William R. Schneider* for appellant.

334

*Kenneth Teasdale* for respondent.

HAYS, J.—Alice Annin recovered a verdict for $8000 as damages for personal injuries sustained by her while riding as a guest of Dorothy Jackson in an automobile being driven by the latter. Defendant has appealed from the judgment rendered pursuant to the verdict.

The appeal presents questions of error mainly in the denial of appellant's request for a directed verdict at the close of all the evidence, and error in the giving of a certain instruction for respondent on the merits of the case. As there is no substantial dispute over the determining facts in evidence we detail them mainly as the appellant's counsel has stated them.

The injury was received early in the afternoon of October 25, 1932, at a point on Florissant Road in St. Louis County. The respondent resided in University City. She and the appellant, former college mates, had latterly been members of the same bridge club, and from time to time had gone to the club's meetings together; sometimes in respondent's car, sometimes in appellant's. Both were experienced drivers. On the occasion in question, pursuant to invitation extended the respondent by appellant to accompany her to a bi-weekly meeting of their club at Ferguson, the appellant drove her car to the residence of respondent, in University City, whence they proceeded over paved roads and streets, in said car, to Florissant Road, a highway between 25 and 30 feet in width and smooth-surfaced with macadam. It had rained in the forenoon and it continued to rain throughout their journey.

The appellant testified that throughout their course of travel which led to where the accident in suit occurred she was driving at a speed of twenty-five or thirty miles an hour; that nothing unusual happened on the way, save that while on St. Charles Road a car suddenly turned in front of her and she "had to apply the brakes" to keep from striking it. When she did so the car skidded somewhat to one side; she righted it without difficulty and went on. She said "it was nothing to frighten anyone." The respondent testified that the other car must have caught its wheel in the track and "we skidded to avoid hitting it." After entering upon Florissant Road and before reaching the point where the accident occurred, they found that the road descends a long hill and makes several curves, but at the scene of the accident and for some distance in both directions from the same they found the road to be straight and level. Ferguson is but a fraction of a mile from that point. At the time of the accident and during their course there were no other vehicles on that road. The automobile was being driven along the middle of the road. The respondent testified that they had been traveling from thirty to thirty-five miles an hour and at the time of the accident were proceeding at a speed of at least thirty miles; that *"the road appeared"*

336

*safe; there was nothing about their approach to the point of the accident that appeared at all unusual or abnormal;"* that the road at that point was wet just as elsewhere in the course of their travel. They were talking together as they proceeded. At no time did respondent object or protest regarding the speed or regarding appellant's manner of driving. The automobile was comparatively new and in first class mechanical condition and, after the accident, was driven from the scene under its own power.

Appellant's version of the accident was as follows: She had no difficulty with the car in making the curves mentioned above or on the succeeding level stretch until suddenly the car seemed to slip over to the left side of the road. She tried to right it. In doing so the car went first to the right side, next back to the left side, and then back to the right side of the road, grazing three mail boxes at the roadside, and collided head-on with a telephone pole, and the rear end swung around so that the car was almost facing in the opposite direction. No glass of the car was broken. While the car was skidding the appellant, occupied in manipulating the vehicle, did not notice what the respondent was doing but discovered, when the car came to rest, that respondent seemed rather dazed and her nose was bleeding. Appellant took her in the damaged car to the place of the club meeting at Ferguson where respondent administered to herself first aid. Her injuries later developed into a serious and permanent condition, but in view of the narrow limits of the appellate issues, this reference to them will suffice. The appellant further testified that she did not know what caused the car to skid at that particular time; she struggled with the steering wheel in her effort to right the car but had no recollection as to the use of the brakes, though she was sure she did not apply the emergency brake. It was her belief the car in its skidding traversed at least twice the width of the road.

Respondent's version was very brief: When the car started to skid she ducked her head down below the line of the windshield. She did not observe what the appellant did with the controls of the car. To her it all seemed to happen in an instant. She definitely remembered that "the car skidded to the left and back and out again and hit the pole." She was momentarily dazed. Shortly before the trial, which occurred more than a year thereafter, she and her counsel visited the scene of the accident. They measured from the point where she thought the car started to skid and determined the distance thence to the pole to be 125 feet. The record does not indicate how she was enabled to determine the starting point.

The petition contained five separate charges of negligence. The first specification charged driving at a high and dangerous rate of speed in the circumstances; failure to travel at a rate of speed so as not

to endanger the property of another, or the life and limb of another; and operation of the automobile at a rate of speed in excess of twenty-five miles an hour, in violation of Revised Statutes 1929, section 7775. The second, third and fourth charges need not be stated. The respondent abandoned all other charges and stood upon the fifth which was in substance, and nearly so in wording, as the language contained in the respondent's principal given instruction.

Issue was joined by appellant's answer in the form of a general denial and pleas of contributory negligence and assumption of risk. We think the determination of the question of error in the giving of the assailed instruction may also largely determine the other questions raised on this record. That instruction is in substance as follows:

"The court instructs the jury that if you find from the evidence that on or about the 25th day of October, 1932, the plaintiff was an occupant of an automobile then and there being operated by defendant Dorothy Jackson upon Florissant road at or near the approach to the city of Ferguson, Missouri, and that Florissant road is a public highway in St. Louis county, Missouri, and that plaintiff was in the exercise of ordinary care for her own safety, and that defendant Dorothy Jackson negligently and carelessly operated the said automobile at said time and place in that defendant Dorothy Jackson failed and omitted to have said automobile under control so that it could be readily and reasonably stopped or swerved or the speed thereof slackened upon the appearance of danger, and that as a direct result of said negligence (if you so find) said automobile was thereby directly caused or permitted to leave the road and collide with an object, and that by reason of said collision (if you so find) plaintiff was injured, then your verdict will be in favor of the plaintiff and against the defendant Dorothy Jackson."

Respondent insists that the charge upon which the case went to the jury was a specific, not a general charge, and on that basis the respondent's counsel asserts that the instruction was proper, for that: "If a defendant drives an automobile at 30 to 35 miles an hour on a wet slippery highway, without having the car under control, and without knowing the distance in which it could be stopped on dry (let alone smooth-surfaced, slippery) roads, after having the warning of a previous loss of control and skidding earlier in the journey, so that the car skids 125 feet, leaves the road and strikes an object off the road, injuring a passenger, a case is made for the jury, on the the driver's failure to exercise the highest degree of care in driving and operating and controlling the car."

If it be conceded that such facts would authorize the submission of the case to the jury, we think it by no means follows that respondent's instruction was proper.

338

We have examined all the authorities cited by the respondent. Some of them apply the *res ipsa loquitur* rule in consonance with the pleadings involved in them and with respect to charges of negligence quite unlike the charge here under consideration. For example: Tabler v. Perry, 337 Mo. 154, 85 S. W. (2d) 477; and others, as Cox v. Reynolds, 18 S. W. (2d) 575, where the driver proceeded on a sleety road at a speed of forty to forty-five miles an hour, suddenly turned and drove his car aside to avoid a collision; and still others, as in Davis v. Brown (Cal. App.), 267 Pac. 754, where the pleaded negligence was that the defendant so negligently operated his car that it collided with a certain other automobile going in the opposite direction. That case was ruled under a motor vehicle act which provided:. "Any person driving a vehicle on the public highways . . . shall drive same at a careful and prudent speed . . . and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person." That law was held to apply irrespective of any particular speed of driving. The present charge is not founded on our statute (R. S. 1929, sec, 7775), but upon common-law negligence.

Respondent contends that the instruction was proper under the authority of the decision in Minnis v. William J. Lemp Brewing Co. (Mo. App.), 226 S. W. 999, wherein an instruction like the one now under consideration was given, the only difference in principle being that the court there conditioned negligence upon a further finding that the speed and movement of the vehicle could have been sufficiently controlled so as to bring it to a stop or change its course and thus prevent a collision, by the driver exercising the highest degree of care that a very careful person would use under like or similar circumstances. The case involved the collision of plaintiff's automobile with defendant's truck at a street intersection. We do not think that ruling as to the propriety of the instruction, whether right or wrong, applies to the present case, though a critical examination will disclose that it is not in harmony with well established rules with which this opinion will deal.

Though the question of whether the present charge is one of general or specific negligence is not of any special importance in this case, we are of opinion that it was submitted as general. "It is the accepted rule of decision, even in those cases where general averments are made and the doctrine of *res ipsa loquitur* does not apply, that when it comes to submit the question of liability to the jury thereunder the instructions must reckon with the facts and require a finding upon the particular negligent acts revealed in the evidence, and unless they do so, the judgment should be reversed therefor." [Miller v. United Rys. Co., 155 Mo. App. l. c. 545.]

It is obvious that either the instruction by its language authorized

the jury to take into consideration the speed of the vehicle as the efficient proximate or, at least, contributing act which caused the injury, without specific mention of speed in the instruction; or the instruction by express terms authorized the finding alone upon the appellant's negligent failure to stop the vehicle, swerve it or reduce its speed: the first, without directing the jury in reference to their determining whether speed was in fact the efficient or a contributing cause, and without stating any guide in that respect; and the second, by expressly authorizing the jury to find that the appellant's manipulation of the vehicle, or her failure to manage it, on the first appearance of danger, constituted negligence, and notwithstanding there was no direction as to what acts were for consideration in either behalf in determining negligence *vel non*. There must not only be a causal connection between the negligence charged, or hypothesized, such that the injury would not have happened but for such negligence, but it must not only be the cause, it must be the proximate cause. [22 R. C. L. 113.] It seems that the instruction hypothesized that the skidding was the sole factual cause. It has been seen that the car was not driven by the appellant off the road and into collision with the pole, but it skidded, took that course despite appellant's efforts to prevent. Hence, the facts hypothesized went only to the casualty and the injury resulting therefrom and to show thereby and without other hypothesized facts bearing thereon, that the skidding of the car was the efficient, immediate and proximate cause of the casualty.

■ With reference to the skidding, it is well settled doctrine that the mere skidding of a motor car is, in and of itself, not negligence; that it is as consistent with the care as with negligence of the driver, and it may and as a matter of experience does occur without fault. [Storey v. Peoples Motorbus Co., 327 Mo. 719, 725, 37 S. W. (2d) 898, 900; Heidt v. Peoples Motorbus Co., 219 Mo. App. 683, 284 S. W. 840; Polokoff v. Sanell (Mo. App.), 52 S. W. (2d) 443, 446; Peters v. United Elec. Rys. Co. (R. I.), 165 Atl. 773, 774, and cases there cited.]

■ Allen v. Mo. Pac. Ry. Co. (Mo.), 294 S. W. 80, 87, contains a very copious citation and discussion of the rules which we find applicable to this case. After stating the well-settled general rule, that an instruction undertaking to cover the whole case and authorizing a recovery upon hypothesized facts, should not omit to hypothesize any fact necessary to be found to authorize a recovery (citing authorities), and after giving some illustrations of the rule—quotes as follows: " 'It is true, even though the charge in the petition may be general, the instructions must submit the specific acts of negligence shown by the evidence, unless the case is one where the doctrine of *res ipsa loquitur* applies.' [Good Roads Co. v. K. C. Rys. Co. (Mo. App.), 217 S. W. 859; Young v. Wolff, 190 Mo. App. 48,

340

175 S. W. 248; Allen v. St. Louis Transit Co., 183 Mo. 411, 81 S. W. 1142; Hales v. Raines, 162 Mo. App. 46, 141 S. W. 917; Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045; Lauff v. Kennard & Sons Carpet Co., 186 Mo. App. 123, 171 S. W. 986.]

" 'Instructions which fail to. require a finding of the specific negligence charged have been repeatedly condemned.' [Stumpf v. United Rys. Co. (Mo. App.), 227 S. W. 854, citing Beave v. Transit Co., 212 Mo. 331, 111 S. W. 52; Sommers v. Transit Co., 108 Mo. App. 319, 83 S. W. 268; Feldewerth v. Railroad, 181 Mo. App. 630, 164 S. W. 711; Eastridge v. Lumber Co., 188 Mo. App. 438, 174 S. W. 462; Dalton v. Refining Co., 188 Mo. App. 529, 174 S. W. 468.]

"The rule that, where general negligence is charged, the specific acts of negligence shown by the evidence must be submitted by the instruction, applies with even better reason where the specific acts of negligence are pleaded. [Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045.]"

Space does not permit nor is there any need for extensive reference to the authorities. It may be possible that situations may arise where the terms *control,* or *management,* embrace but a single matter of fact and may of themselves be fully descriptive of the same. But not so in the instant case. The term "control" as used in the pleading and in the instruction was used—ostensibly so to the jury—in a collective sense as embracing all the various factual elements and circumstances brought out in the evidence. The appellant complains of this, and properly so; and complains also that the term control, in view of the context, is properly to be considered in connection alone with the facts incident to the skidding and its results. We think there is merit to this complaint also, in the light of the rules we have been considering. The conclusions we have come to upon the record before us find exemplification in similar rulings made upon instructions containing defects essentially similar to those we have found in the challenged instruction.

In Sommers v. St. Louis Transit Co., 108 Mo. App. 319 (1. c. 325'), Judge GOODE said: "The jury were authorized to return a verdict against the Transit Company for any act· or omission on the part of the motorman in managing the car which they might deem careless. The error of the court below was in leaving the jury to conjecture, instead of informing them, what acts of management, if found, would suffice to prove the motorman was negligent. In our judgment the instructions were too broad and indefinite."

In Allen v. St. Louis Transit Co., 183 Mo. 411, 1. c. 435, we said: "The instructions for the defendants having practically withdrawn from the consideration of the jury every phase of the case on which it could be said that there was any evidence tending to show negligence, there was no definite issue submitted to the jury and their

verdict is responsive to nothing. Whatever may be said concerning the sufficiency of the petition, when the time came to submit the case to the jury, the instructions should have defined the issues that the jury were to try. The plaintiff's instructions failed in this respect and were erroneous.''

In Lesser v. St. Louis & Sub. Ry. Co., 85 Mo. App. 326, l. c. 335, it was said: ''The instruction undertakes to cover the whole case and to state hypothetically the facts upon which respondent was entitled to recover. The error is that it left it to the jury to find wrongful conduct on the part of the conductor, without calling the attention of the jury to such facts as in law would amount to wrongful conduct. The jury were required to find both the law and the facts. This was palpable error (citing cases), and such error as cannot be cured by proper instructions for the opposing party.''

We are of opinion that the evidence with respect to speed maintained in the preceding portion of the journey, the nature of the surface of the highway, its width, its wet condition, the distance the car skidded, the manner of its movement, the conduct of the parties, reasonable inferences as to the force of the impact, and the attendant circumstances in general—all considered, along with reasonable inferences deducible therefrom, in the light most favorable to respondent—is sufficiently substantial to take her case to a jury under appropriate and correct instructions.

In determining the remaining question, as to whether respondent was, as contended, guilty of contributory negligence as a matter of law, we need only to refer to the well-established principles governing liability of host to guest in respect of injury negligently caused by the former in driving his vehicle, or motor car, in which the guest is an occupant. A guest is chargeable only with the duty to exercise ordinary care for his safety. Though a guest is bound to exercise his faculties and not trust himself entirely to the driver, yet ''it is a matter of common knowledge that under ordinary circumstances such occupants do largely rely upon the driver, who has the exclusive control and management of the vehicle, exercising the required degree of care, and for that reason courts are not justified in adopting a hard and fast rule that they are guilty of negligence in doing so.'' [Boland v. St. Louis-S. F. Ry. Co. (Mo.), 284 S. W. 151, 144; Kaley v. Huntely, 333 Mo. 221, 63 S. W. (2d) 21; Rosenstein v. Lewis Auto Co. (Mo. App.), 34 S. W. (2d) 1023; Polokoff v. Sanell, supra; Cotton v. Ship-By-Truck Co., 337 Mo. 270, 85 S. W. (2d) 80.]

The judgment of the circuit court is reversed and the cause remanded. All concur.