EDWARD McDONNELL, Respondent, v. COLUM-
BIA TAXICAB COMPANY, Appellant.

St. Louis Court of Appeals, December 3, 1912.

NEGLIGENCE: Instructions: Roving Commission. In an action
by a pedestrian for injuries received by being struck by a taxi-
cab in a street, where the petition counted on specific acts of
negligence in running the taxicab at a dangerous rate of speed
and in failing to check its speed or give plaintiff warning of
its approach, an instruction, authorizing a verdict for plaintiff
if the jury believed that the taxicab was being run at "a
greater rate of speed than was reasonable" or that the driver
"at said time was not using the highest degree of care that a
very careful or prudent person would use under like circum-
stances . . . , and that by reason thereof, plaintiff was struck
by said taxicab," was reversible error, in that the latter part
did not confine the jury to the negligence alleged, but allowed
them to return a verdict on any theory they might construct or
evolve out of their own minds.

Appeal from St. Louis City Circuit Court.—*Hon.
George H. Williams,* Judge.

REVERSED AND REMANDED.

*Charles E. Morrow* for appellant.

Plaintiff's instruction number 1 is erroneous for
the reason that it does not confine the jury to the acts
of negligence alleged in the petition and sought to be
established by the evidence. . After setting out spe-
cific acts, the instruction states, "or that said driver
of said taxicab at said time was not using the highest
degree of care that a very careful person would use
under like or similar circumstances in running said
taxicab, and that by reason thereof the plaintiff was
struck and injured by said taxicab, then the jury will
find for the plaintiff." This is clearly a roving com-
mission to the jury to find any failure to exercise the
highest degree of care "in running said taxicab."

This was a clear departure. Allen v. St. Louis Transit Co., 183 Mo. 411; Sommers v. Transit Co., 108 Mo. App. 319; Mulderig v. Railroad, 116 Mo. App. 655; Miller v. United Rys. Co., 155 Mo. App. 528; Hales v. Raines, 162 Mo. App. 46, 141 S. W. 917. The plaintiff, having alleged specific acts of negligence, is limited to the specific acts charged. This rule obtains where a general averment of negligence precedes the averments of specific acts of negligence in the petition. Chitty v. Railroad, 148 Mo. 75; McManamee v. Railroad, 135 Mo. 440; Waldhire v. Railroad, 71 Mo. 514; McCarty v. Hotel Co., 144 Mo. 397.

*Johnson & Young* for respondent.

STATEMENT.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes this appeal.

The place of the injury was at the crossing over Broadway on the north side of Chouteau avenue in the city of St. Louis; the time about 8:25 o'clock p. m., after dark. Plaintiff's evidence tended to prove that the place was one where street car passengers transferred from one car line to another; that there was a great deal of traffic there; that it was customary for the Broadway cars to stop at that particular crossing to let passengers off; there was an electric street lamp near; that, while plaintiff was attempting to pass from the front end of a southbound Broadway street car, which had stopped to let him off, to the west curb of Broadway, he was run down and injured by defendant's automobile, which was then being driven by defendant's employee acting within the scope of his employment. Plaintiff testified that, after alighting and before starting toward the curb, he took the precaution to glance to the north (whence the automobile came) and saw no vehicle coming, though there was

nothing to obstruct his view. The first plaintiff knew of the automobile was when it struck him, there having been no warning sound of its approach, though it seems to have had its lights burning. It was coming south in the same direction with the car, and attempted to pass along between the car and the curb, a space some eighteen feet in width, and was running along within two feet of the side of the car, when it struck plaintiff. As to the speed of the taxicab, the motorman on the street car testified that it was running at a "pretty good speed," and another witness for plaintiff estimated its speed at fifteen miles an hour. The testimony of other witnesses tended to prove that plaintiff was paying no attention to vehicles, but looked straight ahead of him as he went toward the west curb. The driver of the automobile testified that, before he neared the crossing, he was going about twelve miles an hour, and that when he got to the car, he was only traveling between three and four miles an hour; that it was customary for southbound cars to stop on the south side, and not on the north side, of cross streets, and that he had no idea, and there was nothing to indicate to him, that anybody was going to get off of that car at that place at that time; that, seeing plaintiff step off the front platform of the street car; he tried to stop the automobile by shutting off the power and putting on the brakes, but that it was then too late to avoid injuring plaintiff.

The portions of plaintiff's petition relied upon as charging defendant with negligence are in substance as follows: It first states that "one of the defendant's said vehicles, going at a great rate of speed, to-wit, at a speed of fifteen miles per hour, . . . was negligently and carelessly, and without warning, run against and over the plaintiff, knocking him down." It then states "that the said Broadway and Chouteau avenue are and have been for many years last and

past public streets and thoroughfares in the city of St. Louis; that the said Broadway runs in a southerly direction and that the said Chouteau avenue runs east and west and crosses said Broadway at right angles, and at the intersection of said Broadway and Chouteau avenue is a public business place where numerous people pass and repass, especially during the evening hours at about the hour when the plaintiff was injured.'' The petition then pleads that there were then in full force and effect in the State of Missouri certain statutory provisions, sections 8519 and 8523 of the Revised Statutes of Missouri, 1909.

Section 8519 provided in pertinent part that,

''No person shall operate a motor vehicle on any public highway at a greater rate of speed than is reasonable, having regard to the traffic and use of the highway, or so as to endanger the life and limb of any person, or the safety of any property, and shall not in any event, while upon any public highway, run at a greater rate of speed than fifteen miles an hour; . . . . and within the limits of all cities, towns and villages the rate of speed shall not be greater than eight miles per hour in the business portion of any city, town or village, and not greater than ten miles per hour in all other portions thereof.''

Section 8523 provided that,

''All persons owning, operating or controlling an automobile running on, upon, along or across public roads, streets, avenues, alleys, highways or places much used for travel, shall use the highest degree of care that a very careful person would use under like or similar circumstances to prevent injury or death to persons on, or traveling over, upon or across such public roads, streets, avenues, alleys, highways or places much used for travel. Any owner, operator or person in control of an automobile, failing to use such degree of care, shall be liable in damages to a person or property injured by the failure of the owner, operator or person

in control of an automobile to use such degree of care, . . . unless the injury or death is caused by the direct negligence of the injured or deceased person contributing directly thereto.''

The petition then proceeds as follows: ''Plaintiff further states that said striking, running over and injuring him by said automobile or taxicab of the defendant was directly due to and caused by the negligence on the part of the employee of the defendant operating and running said vehicle, and was a direct violation of said act, while running said vehicle upon, along and across said public streets in the city of St. Louis, Missouri, which public streets were at said time and for years had been highways and places much used for travel, and the defendant, through its said employee, failed to use the highest degree of care that a very careful person would use under like circumstances to prevent injuring all persons on or traveling over, upon or across said public streets in the following particulars, to-wit: (1) That the defendant, through its said employee, did negligently operate said automobile or taxicab along said Broadway, going south and at the time it struck the plaintiff, in a reckless and at dangerous rate of speed. (2) That defendant, through its said employee, did negligently operate said motor vehicle on said Broadway going south at and before the time it struck the plaintiff in a reckless manner and at a rate of speed exceeding fifteen miles as hour and when approaching this said crossing on Broadway north of Chouteau avenue failed to check the speed of taxicab or give warning of its approach whatsoever, and by reason thereof plaintiff was run over by the defendant's said taxicab receiving the injuries herein complained of.''

The answer, in addition to a general denial, contains a plea of contributory negligence. The reply was a general denial.

The only reference to the question whether the col-

lision occurred in the "business portion" of the city occurs in the cross-examination of plaintiff as follows: "Mr. Morrow (defendant's counsel) (Q.): Mr. McDonnell, that point there isn't what is known as a business point, I understand— business part of the city—not like down town here; that is just simply a point where the people transfer there? A. Well, go ahead. Mr. Young (plaintiff's counsel): Answer the question. A. Well, yes; yes."

At the instance of the plaintiff the court gave an instruction to the jury as follows:

"1.   The court instructs the jury that if they believe and find from the evidence that on the 5th day of March, 1910, at about the time charged in the petition, the plaintiff while passing from a street car at the north crossing of Broadway and Chouteau avenue, in the city of St. Louis, was run against and over by one of the defendant's taxicabs, driven by one of its employees, going at the time at a greater rate of speed than eight miles per hour, or, that the driver of said taxicab was running the same at a greater rate of speed than was reasonable, having regard to the traffic and use of said streets at said point, or that said driver of said taxicab at said time was not using the highest degree of care that a very careful person would use under like, or similar circumstances, in running said taxicab, and that by reason thereof the plaintiff was struck and injured by said taxicab, then the jury will find for the plaintiff."

There were other instructions, but as they do not have any tendency to cure the alleged errors in the foregoing one of which defendant complains, we will not encumber this opinion by setting them forth.

CAULFIELD, J. (after stating the facts).—The defendant contends that the giving of plaintiff's instruction No. 1, was reversible error, and we are constrained to hold such contention good. Though in his petition plaintiff relies on specific acts of negligence

to entitle him to recover, this instruction omits to hypothesize the facts with respect to the alleged negligence of the driver of the taxicab, and leaves the jury to find for the plaintiff if they find "that said driver of said taxicab at said time was not using the highest degree of care that a very careful person would use under like or similar circumstances, in running said taxicab." It is true that, in the prior part of the instruction, the question of the speed of the automobile is specifically submitted to the jury, but the portion we are considering is stated in the alternative, to the end that, even though the jury might have found the driver guiltless in the matter of unlawful or negligent speed, it might still find for plaintiff, if the driver failed in any manner whatever to use the highest degree of care in running the taxicab. As the Supreme Court said in condemning a similar instruction, this one was "equivalent to authorizing the jury to return a verdict for the plaintiff under any theory of negligence which they could construct or evolve out of their own minds." [Allen v. St. Louis Transit Co., 183 Mo. 411, 432, 81 S. W. 1142.] In this respect the giving of this instruction constituted reversible error. Where, as here, specific acts of negligence are relied upon, the instructions should require the jury to find whether the defendant was guilty in the respect charged and not submit the question in such general terms. [See Miller v. United Railways Co., 155 Mo. App. 528, 134 S. W. 1045.]

Another objection made to this instruction is, that it in effect declares the defendant guilty of negligence as matter of law if the automobile was going at "a greater rate of speed than eight miles an hour," without requiring a finding that the place was in the "business portion" of the city as the statute invoked contemplates (R. S. Mo. 1909, sec. 8519), or that that rate of speed was negligent under the circumstances. As the judgment must be reversed and a new trial had

for the reason first above mentioned, we need not pass upon this second objection, which is one that can easily be avoided upon a retrial. For the same reason we do not now notice other matters of alleged error.

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.