## EDWARD B. CLARK, Respondent, v. GENERAL MOTOR CAR COMPANY, Appellant.

**St. Louis Court of Appeals, November 4, 1913.**

1. **AUTOMOBILES: Injury to Pedestrian on Street: Instructions: Failure to Submit Specific Negligence Pleaded.** In an action for injuries sustained by being struck by an automobile on a public street, where the petition alleged that the chauffeur failed to sound the horn when he either saw plaintiff, or by exercising ordinary care might have seen him, crossing the street, an instruction that if the chauffeur failed to sound the horn, and if such omission was such conduct as would not have characterized a reasonably prudent person under similar circumstances to avoid injuring a person on the street, and if such failure caused the automobile to strike plaintiff, the jury should find for him, was erroneous, for the reason that it did not require a finding that the chauffeur saw, or by exercising ordinary care should have seen, plaintiff crossing the street, and hence did not submit the specific negligence alleged.

2. **NEGLIGENCE: Pleading: General Assignment Limited by Specific Assignment.** When a general assignment of negligence is followed by a specific assignment, the latter prevails, and a recovery will be allowed only upon a finding that defendant was guilty of the act of negligence specifically pleaded.

3. **————: ————: Specific Negligence: Instructions.** Where the petition counts on specific acts of negligence or a particular breach of duty, the instructions should require the jury to find that defendant was guilty of such particular negligent breach, and instructions which submit the question of negligence in general terms are erroneous.

4. **AUTOMOBILES: Sounding Horn: Duty of Chauffeur.** Since there is no statute requiring an automobile driver to sound a horn or give other alarm on approaching a street crossing, his only duty, with respect to the sounding of a horn, is that imposed by the common law, except that Sec. 8523, R. S. 1909 requires him to exercise a high degree of care at all times.

Appeal from St. Louis Circuit Court.—*Hon. William M. Kinsey*, Judge.

REVERSED AND REMANDED.

*Charles E. Morrow* for appellant.

Plaintiff's instruction No. 1 is erroneous. The said instruction does not confine the jury to the allegations of the petition and does not state at what point the failure to give warning would be negligence, but permits the jury to determine at what particular point a warning should have been given of the approach of the automobile, notwithstanding that the law does not impose the duty upon the driver of an automobile to give warning at all places and under all circumstances. Allen v. Transit Co., 183 Mo. 411; McDonnell v. Columbia Taxicab Co., 168 Mo. App. 351; Miller v. United Railways Co., 155 Mo. App. 528.

*Fauntleroy, Cullen & Hay* for respondent.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant owned and operated automobiles in the city of St. Louis, and plaintiff was a pedestrain on a public street at the time of his injury. Plaintiff was injured through being run upon by one of defendant's automobiles, then operated by its chauffeur, going to the westward on Lawton avenue. The date was October third, and the evidence tends to prove that the hour of the collision was about six thirty or seven o'clock in the evening. Darkness prevailed and it was raining at the time. Plaintiff was going northward on the west side of Garrison avenue and in the act of crossing Lawton avenue when he was run upon by defendant's automobile near the north side of the latter street and about at the usual crossing for pedestrains there.

There are a number of specifications of negligence set forth in the petition, but two of them only were referred to the jury by instruction and relied upon

throughout for a recovery. These two specifications of negligence relate, first, to the omission of defendant to maintain lights on its automobile to enable a pedestrain to see its approach and the driver to see a pedestrain ahead, and, second, to defendant's failure to sound a horn or other warning of the approach of the automobile, when the chauffeur either saw plaintiff crossing the street or in exercising ordinary care in that behalf might have done so.

The record abounds with evidence tending to prove both derelictions of duty last stated—that is, first, that defendant was operating the automobile after dark without lights, and, second, that the chauffeur omitted to sound a horn or other warning of approach, when, by exercising care, he might have seen plaintiff crossing the street to the northward. On the other hand, there is an abundance of evidence on the part of defendant to the effect that defendant maintained lights on the automobile and that they were aglow at the time and that the chauffeur sounded the horn and thus gave warning, on approaching the point where plaintiff was run upon, in ample time to have enabled him to escape injury had he been exercising ordinary care for his own safety.

At the instance of plaintiff, the court gave the following instruction affording two predicates of liability and authorizing a recovery as therein stated:

"The court instructs the jury that if you find from the evidence that on the evening of October 3, 1910, the automobile of defendant mentioned in the evidence was being operated by a chauffeur in the employ of the defendant, across or near the intersection of Garrison avenue and Lawton avenue in the city of St. Louis, places mentioned in the evidence; and that said avenues (at the places mentioned in the evidence) were, at that time, open public streets of the city of St. Louis, and were much used for travel as such; and if the jury

further find from the evidence that, about seven o'clock in the evening of said day, the plaintiff was passing northwardly across said Lawton avenue, and whilst so doing plaintiff was struck by said automobile as same was being operated by defendant's chauffeur in its employ, and that the latter was authorized by defendant to run and operate said automobile; and if the jury further find from the evidence that said automobile did not have any lights upon the front part of it, or that said chauffeur did not sound any horn or give any signal of warning before said automobile struck plaintiff, and if you further believe from the evidence that the omission so to have such lights (if you find from the evidence they were omitted) or the failure to sound a horn, or such failure to give any signal (if you find from the evidence that either of such omissions took place), was such conduct, in the circumstances, as would not have characterized a reasonably prudent person in like or similar circumstances to avoid injuries to persons in said street, and if you further find that either of such failures aforesaid caused said automobile so to strike plaintiff and to injure the plaintiff, and that plaintiff used ordinary care on his part to avoid a collision, then your verdict should be for the plaintiff.''

It is to be noted that this instruction authorizes a recovery in the alternative, first, for the omission of defendant to maintain lights upon the forepart of the automobile, and, second, for the omission to sound a horn or give a signal of warning before the automobile struck plaintiff. It is urged, on the part of defendant, that the second predicate of liability afforded by the instruction does not conform to the charge laid in the petition, and that it was therefore prejudicial, in that it permitted a recovery for the mere failure to sound a horn or give a warning, even though defendant chauffeur neither saw, nor by the exercise of due care might have seen, the plaintiff crossing the street. It is en-

tirely clear that this portion of the instruction omits to confine the right of recovery to the precise charge of negligence set forth in the petition. It is true the instruction authorizes a recovery for plaintiff only in event that the chauffeur was guilty of such "conduct, in the circumstances, as would not have characterized a reasonably prudent person in like or similar circumstances to avoid injuries to persons in the street." These words characterized negligent conduct as a general proposition, but they did not require the jury to find the fact, as they should, in conformity with the charge in the petition, that the chauffeur omitted to sound the horn or warning at a time when he either saw plaintiff or by the exercise of due care might have done so. The mere fact that the chauffeur operated the automobile and was guilty of such conduct in omitting to sound the horn in circumstances that would not have characterized a reasonably prudent person in like or similar circumstances to avoid injuries to persons in the street is not sufficient to authorize a recovery in the instant case, unless the jury should find, as well, that the chauffeur either saw plaintiff or by exercising the requisite care in that behalf might have done so, and omitted to sound the alarm of approach notwithstanding.

Whatever may have been the conduct of defendant's chauffeur in respect of this maatter, in so far as the general public is concerned, the breach of duty relied upon for a recovery pertains alone to the chauffeur's conduct touching the situation of plaintiff at the time and counts upon the obligation which the law raises to exercise care for plaintiff's safety, after the chauffeur saw him, or by exercising due care might have done so. The petition counts upon this obligation and specifies the particular breach to be, that defendant's chauffeur omitted to sound the horn when he either saw plaintiff or by exercising "ordinary care" might have done so. Such is the specific act of defend-

ant's chauffeur set forth as the breach of duty operating to the injury of plaintiff and affording him a right of compensation.

It is true the petition contains, as well, a general averment of negligence, but a general averment avails naught in the circumstances of the case, for when such is followed, as is this one, by an averment of a particular breach, as pointing to particular facts of negligence, the latter prevails, and the recovery is to be allowed only upon the finding of such particular facts. [See McManamee v. Missouri Pac. R. Co., 135 Mo. 440, 37 S. W. 119; Gibler v. Q. O. & K. C. R. Co., 148 Mo. App. 475, 128 S. W. 791.]

The Supreme Court condemns the practice of submitting the matter of defendant's negligence in general terms, where the petition counts upon specific acts of negligence or a particular breach of duty. In such circumstances, the court should require the jury to find the particular negligent breach pleaded and relied upon in the petition. [See Miller v. United Rys. Co., 155 Mo. App. 528, 546,134 S. W. 1045; Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Davidson v. St. Louis Transit Co., 211 Mo. 320, 109 S. W. 583.]

There is no statutory rule requiring the driver of an automobile to sound the horn or other alarm on approaching the crossing of a public street, and, therefore, the obligation of the law is the same as that imposed at common law, except for the fact that statute requires the exercise of high care on the part of automobile drivers at all times. However, the petition in the instant case pays no heed to the statutory obligation of high care but proceeds as though "ordinary care" alone as to be exercised for the safety of others. Whether it is competent to treat with the statutory obligation of high care under a petition specifically declaring for a breach of the obligation or ordinary care, it is unnecessary at this time to determine. However that may be, defendant was called upon by the petition

to answer only for a breach of care in omitting to sound the horn, after the chauffeur either saw, or by exercising due care might have seen, plaintiff in the street. Such being the specification of negligence· asserted in the petition and relied upon, the instruction should have confined the right of recovery on this score to the charge laid, and not have authorized it for. the mere omission to sound the horn without regard thereto and as if the law afforded an obligation in favor of all per-- sons generally whether present or not to have the horn sounded at the intersection or crossing of streets. The general words and broad scope of the instruction permitting a recovery if the jury found the chauffeur was guilty ''of such conduct in the circumstances as would not have characterized a reasonably prudent person in like or similar circumstances to avoid injury to persons in said street'' impinged the rule,of decision requiring the finding of the negligent breach in accord with the negligence charged, and, as the courts have heretofore said, seems to be equivalent ''to authorizing the jury to return a verdict for the plaintiff under any theory of negligence which they could construct or evolve out of their own minds.'' [See McDonnell v. Columbia Taxicab Co., 168 Mo. App. 351, 357, 151 S. W. 767; Allen v. St. Louis Transit Co., 183 Mo. 411, 432, 81 S. W. 1142.]

Because of this indefinite and vague instruction authorizing a recovery for the failure to sound the horn, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.