## KANSAS CITY, F. S. & M. R. CO. *v.* STONER.

*(Circuit Court of Appeals, Eight Circuit. February 1, 1892.)*

1. **CARRIERS OF PASSENGERS—COLLISION OF TRAINS—INSTRUCTIONS.**
   When a passenger is injured by the collision of trains at a crossing of two r..l roads, each company is liable in full if its servants are negligent; and hence in an action against both it is proper to refuse an instruction requested by one, correctly defining the duty of the other with respect to the care to be exercised in approaching the crossing, and casting upon it the liability in case the jury found a breach of the duty. Both companies are bound to the same degree of care, and the instruction should be made applicable to both.

2. **SAME.**
   In such an action one of the companies requested a charge that its employes were only bound to exercise ordinary prudence; that, in determining whether they did so, all the circumstances should be considered; and that, if they did exercise ordinary prudence, the company was not liable, "although the jury found that they performed some acts or omitted others which in the light of subsequent events * * * would have prevented the collision." *Held,* that it was not error to omit the quoted part, since it contains an independent proposition, which should have been preferred as a separate request.

3. **SAME—PRESUMPTION OF NEGLIGENCE.**
   Where a collision occurs between the regular trains of two railroad companies at a crossing of their tracks in broad daylight, a presumption arises of negligence on the part of one or both; and, in an action for injuries to a passenger, it is proper to refuse a charge that one of the companies was not affected by such presumption.

4. **SAME—INSTRUCTIONS.**
   In an action by a passenger for personal injuries the court charged that unless an act or omission contributed to the injury "directly or indirectly" it should not be considered. *Held,* that the use of the words "or indirectly" was harmless when there was no proof of any fact that could be considered as a secondary or remote cause.

5. **SAME—DAMAGES—FUTURE EFFECTS.**
   It was proper to refuse a charge that plaintiff could only recover for such future consequences as were reasonably certain to ensue, and not for "merely possible or even probable future effects not now apparent," as the quoted words qualified the correct proposition expressed in the preceding clause, and were liable to mislead the jury.

In Error to the Circuit Court of the United States for the Western Divison of the Eastern District of Arkansas.

Action by John H. Stoner against the Kansas City, Fort Scott & Memphis Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

*C. H. Trimble,* for plaintiff in error.

*Joseph W. Martin,* for defendant in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge. The defendant in error brought suit against the Little Rock & Memphis Railroad Company (hereafter called the "Little Rock Company") and the Kansas City, Fort Scott & Memphis Railroad Company (hereafter called the "Kansas City Company") for personal injuries sustained in consequence of a collision between trains of the respective companies at a crossing of the two roads in the state of Arkansas, a few miles west of Memphis, Tenn. A westward-bound passenger train of the Little Rock Company was going over the crossing

about 6:30 P. M. on July 9, 1890, when it was run into by a southward-bound freight train of the Kansas City Company, and the defendant in error, who was a passenger on the Little Rock Company's train, sustained injuries for which a jury awarded him damages in the sum of $3,500. No further statement of the circumstances attending the collision is deemed necessary, as it is not claimed that the case should have been withdrawn from the consideration of the jury. The trial resulted in a verdict exonerating the Little Rock Company from all liability, but holding the Kansas City Company responsible in the sum above stated. The errors assigned relate exclusively to the charge of the lower court, and its refusal to give certain requests asked by the Kansas City Company. We proceed to consider the several assignments in the order in which they have been stated by counsel.

The first error assigned is the refusal of the circuit court to give the following instruction, which was asked by the plaintiff in error:

"It was the duty of the employes operating the passenger train to come to a full stop within a reasonable distance of the crossing, and to both look and listen for any train that might be approaching it on the other road. It was also their duty, after stopping and looking and listening, to approach the crossing with caution, keeping a vigilant lookout to see or hear trains that might be on the other road. If the engineer saw a train on the Kansas City road before or at the time his engine reached the crossing, it was his duty to observe it closely, and determine whether it was in motion, and be certain that it would not collide with the train which he was pulling before he proceeded over the crossing, or drew the cars containing the passengers onto the track. If he failed in the performance of any of these duties, it was negligence for which the Little Rock & Memphis Railroad Company would be liable."

We are of the opinion that the Kansas City Company is not entitled to complain of the refusal to give the foregoing request, even though we concede that it properly describes the various precautions which the persons in charge of the passenger train should have taken. The case was submitted to the jury under directions from the court which properly defined the relation existing between the defendant in error and the Kansas City Company, as well as the degree of care that the latter company was bound to exercise when its freight train approached the crossing. Under such instructions, correctly defining the duty of the plaintiff in error, the jury have found that the collision was the result of its negligence.

It may be that the Little Rock Company was equally culpable, or that the higher degree of care it owed to the defendant in error, by reason of his being a passenger on its train, would have warranted a verdict against it as well. as against the Kansas City Company, and that such verdict would have been rendered had more specific instructions been given. But this plea cannot avail the plaintiff in error, for the reason that it is liable for all the injuries the defendant in error has sustained, if its negligence directly contributed to the collision, and that it did so contribute has been established by the verdict of the jury under instructions correctly defining its duty, as to which no exception was

taken. It is to be observed that the request preferred to the lower court by the plaintiff in error related wholly to the degree of care its co-defendant should have exercised. It was not framed with a view of elucidating its own duty, but for the obvious purpose of casting as large a measure of responsibility as possible on the Little Rock Company. If the circuit court had defined the duty of the Little Rock Company in the manner requested by the Kansas City Company, it should in that event have defined the duty of the latter company in similar language. In other words, if it adopted the instruction, it should have made it applicable to both companies. Both trains were bound to take the same precautions in approaching the crossing, and the jury should have been so advised. For the reasons stated, no error was committed in refusing the request.

The plaintiff in error asked the circuit court to charge the jury in substance as follows: That its employes in charge of the freight train were only bound to exercise ordinary prudence; that in determining whether such degree of prudence was exercised, the jury should take into consideration all the circumstances of the situation; and that, if they did exercise ordinary prudence, the Kansas City Company was not liable, "*although the jury found that they performed some acts or omitted others which in the light of subsequent events * * * would have prevented the collision.*" The court gave the several directions contained in the request except the concluding clause, which is in italics. Such action is assigned as error.

We are of the opinion that the assignment is not tenable. It will be observed that the concluding paragraph has no necessary relation to the preceding propositions of law stated in the request. It neither qualifies nor explains them, but is an abstract proposition, not directed to any particular matter or fact in controversy. To speak more accurately, it was simply a general admonition to the jury that the quality of an act alleged to be negligent ought not to be determined exclusively in the light of subsequent events. That may be, and no doubt is, a very proper admonition to be given in certain cases, especially in a case where the jury might be in doubt as to whether the act of omission or commission counted upon amounts to culpable negligence. *Express Co.* v. *Smith,* 33 Ohio St. 519. But if an instruction of that character is sought, it should be preferred in the form of a separate and independent request; and, in any event, we conclude that the present record does not disclose a state of facts which rendered such an admonition either necessary or appropriate.

Error is also assigned because of the refusal of the circuit court to grant the following request:

"There is no presumption of negligence as against the Kansas City Company arising from the fact that the collision occurred. The plaintiff must show by a preponderance of the testimony that it was guilty of negligence which was a direct cause of the injury."

We are of the opinion that this assignment is not tenable for the following reasons: The collision occurred in broad daylight, at a level crossing, between two regular trains of the respective companies. No

explanation of the cause of the collision was attempted at the trial which would exonerate both companies from the charge of negligence, but each company sought to cast the blame upon the other. Under these circumstances, we think there was a presumption that the collision was due to the carelessness of one or the other, or both, of the defendant companies. Such being the presumption, the court below acted properly in defining the degree of care each was required to exercise, and in leaving the jury to determine, in the light of all the testimony, upon whom rested the responsibility for the collision. It was not bound to declare, nor would it have been proper to declare, in a case of this character, that the Kansas City Company was not affected by any presumption of negligence.

Complaint is further made that the lower court refused the following request:

"The plaintiff is entitled to recover only for such future consequences of the injury inflicted on him as the proof shows you are reasonably certain to ensue. Damages should not be assessed for merely possible, or even probable, future effects not now apparent."

We think this request was properly refused, because it was liable to mislead the jury. The first paragraph of the request states a correct proposition, applicable to the assessment of damages. The last clause, however, declares that "damages should not be assessed for * * * probable future effects not now apparent." This was liable to be understood as meaning that there ought to be no allowance made for the probable effects of an injury, unless the effects are so apparent at the time of the trial, or so manifest, as to be absolutely certain to occasion loss, and not merely reasonably certain. In other words, it limits and might have put a false color on the preceding proposition. As the court had already given the jury very full and fair directions as to the assessment of damages, we think it was under no obligation to give the direction last above mentioned.

Finally, it is said the circuit court erred in the following extract from its charge:

"Speaking of negligence, I will say to you, in the language of the Little Rock & Memphis Railroad Company: 'The only acts of negligence on the part of the defendants, or either of them, that will be considered by the jury, are those which in some way contributed to the injury complained of by the plaintiff. Any other acts not so contributing will not be regarded by you.' That, gentlemen of the jury, in substance should govern you in your deliberations in this case. Unless an act or omission contributed to the injury, directly or indirectly, it must not be considered by you."

Complaint is made of the words "or indirectly," in the concluding paragraph. If these words are understood to mean that the jury were at liberty to consider remote acts of negligence as distinguished from primary, and if there was proof of such remote acts, we cheerfully concede that the direction was erroneous. But we have looked through the record in vain for any evidence tending to show an act of omission or commission on the part of the Kansas City Company which it is possible to

regard as a secondary or remote cause of the collision. The use of the words "or indirectly," in the connection above stated, was not a material error.

Upon the whole, the case appears to have been tried by the circuit court with commendable accuracy and fairness, and its judgment is therefore affirmed.