# MARIE STOLTZE, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

### St. Louis Court of Appeals, May 5, 1914.

1. **CARRIERS OF PASSENGERS:** *Injury to Passenger from Premature Start of Street Car: Sufficiency of Evidence.* In an action for injuries received by a passenger by being thrown from a street car, while she was attempting to board it, evidence *held* sufficient to warrant a finding that the pushing and shoving of other passengers on the rear platform, because of a controversy between them, co-operated directly with the premature starting of the car to cause plaintiff's injuries.

2. ——: ——: **Negligence of Joint Tort-Feasors.** A street railway company, guilty of negligence in suddenly starting a street car while a passenger was boarding it, which negligence concurred with the crowding of other passengers as the proximate cause of plaintiff's being thrown from the car, was liable as a joint tort-feasor for the resulting injury.

3. ——: ——: ——: **Instructions.** In an action for injuries to a passenger by being thrown from a street car while attempting to board it, where the evidence tended to show that the. pushing and shoving of other passengers on the platform of the car, because of a controversy between them, co-operated directly with the premature starting of the car to cause plaintiff to be thrown from the car, defendant requested an instruction that if plaintiff fell from the car by reason of being pushed off by other passengers, she could not recover. The court gave the instruction with a modification to the effect that if plaintiff fell solely by reason of being pushed off by other passengers, and not because of any negligence of the persons in charge of the car, she could not recover. *Held,* that the modification was not error, since the instruction, as requested, authorized a verdict for defendant if the jury found that plaintiff fell from the car by reason of being pushed off by other

passengers, without regard to the fact that she was entitled to recover if it appeared that the negligence of the conductor in prematurely starting the car contributed with the action of the passengers to cause her injuries.

4. ———: ———: ———: ———. In an action for injuries to a passenger by being thrown from a street car while attempting to board it, where the evidence tended to show that the pushing and shoving of other passengers on the platform of the car, because of a controversy between them, co-operated directly with the premature starting of the car to cause plaintiff to be thrown from the car, defendant requested an instruction that if plaintiff fell from the car by reason of being pushed off by other passengers, she could not recover. The court gave the instruction with a modification to the effect that if plaintiff fell solely by reason of being pushed off by other passengers, and not because of any negligence of the persons in charge of the car, she could not recover. *Held*, that the instruction, as modified, was not vulnerable to the objection that it allowed a recovery for any negligence of the persons in charge of the car, without regard to the specific acts of negligence alleged in the petition, in view of the fact that the instructions given for plaintiff required the jury to find that defendant was guilty of such specific acts of negligence, before they could return a verdict for plaintiff.

5. INSTRUCTIONS: Construction: Entire Charge Considered. The instructions given in a case must all be read togther, and no one of them should be condemned, if it appears to be entirely clear as a guide to the jury when read with the other instructions given.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

(1) The court erred in giving to the jury plaintiff's instruction 4, because said instruction submits questions of fact of which there is no evidence in the case and authorized recovery by plaintiff upon a theory not supported by proof. Holden v. Railroad, 177 Mo. 469; McKoen v. Railroad, 42 Mo. 84; McAtee v. Valandingham, 75 Mo. App. 53; Chouteau v. Searcy, 8 Mo. 733. (3) The court erred in modifying and giving

183 Mo. App.—20

to the jury as modified defendant's instruction 6, because said instruction as modified by the court broadens the issues, constitutes a departure from the cause of action pleaded and impliedly tells the jury that they cannot find for defendant if defendant committed acts of negligence other than those pleaded. McLeland v. St. Louis Transit Co., 105 Mo. App. 483; Yall v. Gillham, 187 Mo. 393; Hesselbach v. St. Louis, 179 Mo. 505; Beave v. Railroad, 212 Mo. 331.

*Charles E. Morrow* for respondent.

(1) The court did not commit error in giving plaintiff's instruction 4. There was ample evidence to support it. (2) Instruction 6 as asked by defendant clearly is not the law. It entirely ignored one of the principal issues in the case. As modified by the court and given in defendant's favor, it is a correct declaration of law. On the question of the pushing and crowding of plaintiff by other passengers it may be that defendant would have been entitled to other instructions, but it did not ask them and the instruction as modified and given by the court correctly stated the law as far as it went. It was not the duty of the court to give instructions for defendant unless asked to do so by it. Boyd v. Railroad, 249 Mo. 110; Browning v. Railroad, 124 Mo. 55; Morgan v. Mulhall, 214 Mo. 451; Lampe v. United Railways Company, 160 S. W. 901; Sack v. Car Company, 112 Mo. App. 488.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff was a passenger on defendant's street car at the time of her injury, which was occasioned through precipitating her from the step of the car into the public street. Plaintiff boarded defendant's car at the corner of Eleventh and Wash

streets in St. Louis, and she was preceded immediately by three men, who took their positions upon the rear platform of the car before her. There were a number of persons standing on the rear platform at the time and because of its crowded condition plaintiff was impeded in entering upon it. Immediately upon boarding the car, the three men preceding plaintiff thereon became engaged in a fight while she was yet on the step of the car. It appears the conductor caused the car to start forward as plaintiff entered upon the step and before she had reached a position of safety on the platform and while the physical encounter among the several men mentioned was in progress. Plaintiff was thrown into the street from the step of the car because of its premature starting and received the injuries complained of. There is evidence tending to prove that she was thrown from the step of the car into the street because of a sudden jerk of the car in starting, and there is evidence, too, tending to prove that she was pushed into the street from her position on the step by other passengers on the platform of the car, who were dodging about because of the fight. The conductor was in his place at the rear of the car and the occurrence transpired under his very eye.

The petition charges, first, that defendant was negligent, in that the conductor negligently caused the car to move violently forward before plaintiff had reached a position of safety thereon and thus occasioned her injury by throwing her into the street; and, second, that the conductor negligently caused the car to start forward when he knew plaintiff was not in a position of safety thereon and was likely to be crowded or pushed off of the same because of the turmoil and the pushing and shoving of the passengers then upon its rear platform. Because of this carelessness on the part of the conductor and the crowding, pushing and shoving of the passengers on the rear platform at the time it was started, plaintiff avers she received her in-

jury through being pushed from the step of the car into the street.

By instructions given for plaintiff, the court referred these several specifications of negligence to the jury as predicates of liability against defendant, if they so found the fact to be. Among other things, the court directed the jury that if they found plaintiff was duly careful on her part and that defendant's conductor started the car while she was yet on the step in the act of boarding it and that because of such starting she came to her injury, through being pushed or shoved therefrom into the street by the pushing and crowding of the passengers, occasioned by the fight, then she was entitled to recover, though it appears the passengers on the rear platform of the car were negligent, too, and that the carelessness of such passengers contributed in part with that of defendant to her injury.

Plaintiff's instruction touching this matter is in nowise criticised except it is said the court erred in submitting the matter of plaintiff's being pushed off of the step of the car by other persons under the circumstances stated, for the reason there is no evidence tending to prove such to be the fact. It is true plaintiff testified that she was thrown off of the car by its sudden start while she was in the act of boarding it, but she says, too, that "people were pressing toward me and I could not get on. The platform was crowded and the people were crowding towards me." Moreover, several of defendant's witnesses testified pointedly that plaintiff told them she was pushed off of the car by other passengers because of the fight in progress on the rear platform. Indeed, it appears from the evidence introduced on the part of defendant that its theory of the case, put forward in defense, in part, at least, is that plaintiff was pushed off of the car by other passengers moving about on the rear platform for which it was in nowise responsible, in that it is

said the conductor did not prematurely start the car. It is manifest that there is an abundance of evidence in the record tending to prove that the pushing and shoving of the other passengers on the rear platform of the car, because of the controversy and encounter there, co-operated directly with the premature starting of the car to dislodge plaintiff from the step and occasion her injury.

At the instance of defendant, the court instructed the jury that if plaintiff became frightened by reason of the fact that other passengers were fighting on the back platform of the car and voluntarily jumped or stepped from the car because of that fact, then she is not entitled to recover and the verdict should be for defendant. But it refused the following instruction requested by defendant in the form it was proffered:

''The court instructs the jury that if you find and believe from the evidence that the plaintiff fell from the car in question by reason of being pushed or jostled by other passengers thereon, then the plaintiff is not entitled to recover and your verdict must be for the defendant.''

Though the court refused this instruction as requested, it gave it in modified form as follows:

''The court instructs the jury that if you find and believe from the evidence that the plaintiff fell from the car in question, solely by reason of being pushed or jostled by other passengers thereon and not by reason of any carelessness of the persons in charge of the car in question, then the plaintiff is not entitled to recover and your verdict must be for the defendant.''

It is argued the court erred in thus refusing defendant's instruction No. 6 and giving it in the modified form. Obviously there was no error in refusing this instruction as requested, for, while it authorized a verdict in favor of defendant, it reckoned with but a partial view of the evidence. There is evidence, as before said, tending to prove that plaintiff came to

her injury through the concurrence of the negligent act of the conductor in prematurely starting the car while she was yet on its step and the careless conduct of the passengers on the rear platform who were surg-ing and pushing against her because of the combat which then prevailed in their midst. This instruction, as requested, authorized a verdict for defendant if it appeared she fell from the car by reason of being pushed off the step by other passengers thereon, with-out regard to the fact that she was entitled to recover for that, provided it also appeared the carelessness of the conductor in prematurely starting the car con-tributed in part to her fall and injury. If these two matters concurred as the proximate cause of plain-tiff's hurt, it is entirely clear she is entitled to recover against defendant, a joint *tort-feasor* because of the part it contributed to her hurt, and it should not be acquitted of liability, as the instruction directs, unless the jury should also find it was not negligent, as charged, and the instruction carried no such require-ment. [See Miller v. United Railways Co., 155 Mo App. 528, 134 S. W. 1045.]

But it is said that though such be true, the court erred in giving the instruction in its modified form, for it implies that plaintiff may recover for "any care-lessness of the persons in charge of the car in ques-tion." The court modified the instruction by inserting the word "solely" in one place and the words "and not by reason of any carelessness of the persons in charge of the car in question." It is true the words last quoted, when considered apart from the other instructions, seem to imply that defendant might be responsible for "any carelessness of the persons in charge of the car," when, as a rule, one may recover only on the specific acts of negligence alleged in the petition. If an instruction were given on the part of plaintiff authorizing a recovery in the instant case, in such general terms, it would, no doubt, merit condem-

Stoltze v. United Railways Co.

nation, but no such situation is before us. Plaintiff's instructions are well enough and, indeed, they are in nowise criticised. They submit to the jury in plain and precise terms the specific acts of negligence relied upon in the petition for a recovery. These instructions require that, in order to vindicate plaintiff's cause, it must be found by the jury either, first, that she came to her injury solely because of the negligence of defendant's servants in charge of the car through prematurely starting it and thus causing her injury, or because of the combined negligence of such servants in starting the car while she was yet on the step and the carelessness of the passengers on the rear platform in pushing her therefrom into the street. The instructions must all be read together, and no one of them should be condemned as reversible error, if it appears to be entirely clear as a guide to the jury, when read with the others given in the case. Thus viewed, it cannot be said that this instruction, as modified by the court, constitutes reversible error. By it the jury were told that if they found plaintiff fell from the car solely by reason of being pushed by other passengers and not by reason of any carelessness of the persons in charge of the car, then plaintiff could not recover and the verdict should be for defendant. Obviously, the jury understood that the words "not by reason of any carelessness of the persons in charge of the car in question" related to the controverted fact in the case as to whether or not the conductor prematurely caused the car to start while plaintiff was in the act of boarding it and in a situation on the step exposed to danger from such cause.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.